FILED

**Tim A. Pori (SBN 189270)**
LAW OFFICES OF TIM A. PORI
521 Georgia Street
Vallejo, CA 94590
Telephone: (707) 644-4004
Facsimile: (707) 644-7528

**Anthony Prince (SBN 202892)**
LAW OFFICES OF ANTHONY D. PRINCE
2445 Prince Street
Berkely, CA 94705
Telephone: (510) 845-5475
Facsimile: (510) 845-5475

Attorneys for Plaintiff LUZ HERNANDEZ

E-filing

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LUZ HERNANDEZ,

Plaintiff,

vs.

CITY OF NAPA, a municipal corporation; RICHARD MELTON, in his capacity as chief of Police for the CITY OF NAPA, OFFICER GARTH BENDER, individually and in his capacity as a police officer for the CITY OF NAPA; OFFICER RYAN COLE, individually and in his capacity as a police officer for the CITY OF NAPA, OFFICER RYAN HIBBS, individually and in his capacity as a police officer for the CITY OF NAPA; DONALD GREEN, individually and acting as a co-conspirator in conjunction with Defendant Police Officers for the CITY OF NAPA; JOHN HALLMAN, individually and in his capacity as a Deputy Sheriff for the COUNTY OF NAPA and DOES 1 - 30

Case No. CV 09 2782 EDL

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

(42 USC § 1983;
42 USC § 1981;
Article I, §§ 7(a) & 13, California Constitution;
Intentional Infliction of Emotional Distress;
Assault & Battery;
Negligence;
Negligent Selection, Training, Retention, Supervision, Investigation and Discipline;
Respondeat Superior;
False Arrest and Imprisonment

**JURY TRIAL DEMANDED**

Plaintiff hereby alleges as follows:

///

**JURISDICTION**

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the City of Napa, California, which is within this judicial district.

2. Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims brought in this action. The federal and state law claims arise from a common set of operative facts and from the same set of transactions and occurrences.

**PARTIES**

3. Plaintiff LUZ HERNANDEZ is and at all times herein mentioned was a resident of the City of Napa, County of Napa, State of California.

4. Defendant CITY OF NAPA [hereinafter "CITY"] is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant RICHARD MELTON is and at all times herein mentioned was the Chief of Police for the CITY, acting under color of law and in the course and scope of his employment for Defendant CITY.

5. At all times mentioned herein, Defendants BENDER, COLE, BROOK, HIBBS, GARTH and DOES 1 through30 [hereinafter referred to as "Defendant OFFICERS"] were employed as police officers for Defendant CITY. Defendant OFFICERS are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described herein, Defendant OFFICERS acted under color of law and in the course and scope of their employment for Defendant CITY. By engaging in the conduct described herein, Defendant OFFICERS exceeded the authority invested in them as police officers under the U.S. Constitution and as employees of the CITY.

6. At all times mentioned herein, Defendant JOHN HALLMAN and DOES 1 through30 was employed as deputy sheriff for the COUNTY OF NAPA is individually and in his capacity as deputy sheriff for the COUNTY OF NAPA. By engaging in the conduct described herein, Defendant HALLMAN acted under color of law and in the

course and scope of his employment for Defendant COUNTY. By engaging in the conduct described herein, Defendant HALLMAN exceeded the authority invested in him as a deputy sheriff under the U.S. Constitution and as an employee of the COUNTY.

7. At all times mentioned herein, Defendant DONALD GREEN, a private citizen was acting as a co-conspirator with DEFENDANT OFFICERS, as a willful participant while jointly engaged with DEFENDANT OFFICERS, and was acting 'under color' of law to deprive Plaintiff HERNANDEZ of her Fourth Amendment right to be free from unreasonable search and seizure in violation of 42 U.S. Code section 1983 when he conspired to make and did make a false citizen's arrest of Plaintiff HERNANDEZ.

8. Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of Defendant DOES 1 through 30, inclusive, when they have been ascertained.

9. At all times herein mentioned each named and each DOE Defendant was the agent or employee of co-Defendant CITY, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendant CITY.

**STATEMENT OF FACTS**

10. On or about April 1, 2008, Officer Donald Green of the Napa State Hospital Police and Plaintiff HERNANDEZ, were involved in a verbal altercation which resulted in a break-up of their prior dating relationship.

11. Plaintiff HERNANDEZ left work before 10:00 p.m. because Officer Green's shift ended at 10:00 p.m. and she wanted to assure herself that she was locked inside her home before he got off work. Plaintiff HERNANDEZ arrived at her house

about 9:50 p.m. Officer Green's car was not parked in her driveway or in front of her house but was parked around the corner. When Plaintiff HERNANDEZ entered her house, she noticed that her bedroom TV was on the sports channel and she saw Officer Green come out of the bathroom with an unsteady gait and slurred speech.

12. Plaintiff HERNANDEZ, who had no idea how Officer Green had entered her home, noticed that Officer Green was wearing only his underwear and had a pair of scissors in his hand. Plaintiff HERNANDEZ asked Officer Green what he was doing and he answered in a slurred speech that he was cutting his moles as he knew that she did not like them. He pointed to the right side of his torso where Plaintiff HERNANDEZ noticed a small cut that was bleeding. Officer Green's physical and emotional condition, which evidenced obvious signs of intoxication, was enough to scare Plaintiff HERNANDEZ. Plaintiff HERNANDEZ was confused and did not understand how Officer Green had managed to enter her home or how he was able get intoxicated so quickly because he was supposed to be at work until 10:00 p.m.

13. Plaintiff HERNANDEZ asked Officer Green to leave. He then stumbled towards her and tried to hug her while stating "I just want to talk to you." She ran toward the front door but Officer Green grabbed her with both of his arms from behind. They both fell to the ground. Plaintiff HERNANDEZ tried to get away and told Officer Green to let her go and that she wanted to leave. She asked him to leave, but he would not let her go and they continued to wrestle Plaintiff HERNANDEZ telephoned 9-1-1, but Officer Green slapped the phone from her hands. She started yelling for help in the hope that the phone call had been successful.

14. Officer Green became angry, shook her and they started wrestling again. On one occasion, he grabbed her left arm and intentionally rotated her arm while adding pressure to her left shoulder causing pain. She began to scream out in pain, dropped to the floor and he let go. At this point, Plaintiff HERNANDEZ started fighting, kicking, slapping, scratching, yelling, and swearing in self-defense.

15. Officer Green was on top of Plaintiff HERNANDEZ until officers of the Napa Police arrived. As soon as the police entered Plaintiff HERNANDEZ's home, they separated Officer Green and Ms. Hernandez. She was escorted into her room and asked if she was okay. She was sweaty and had red marks on her wrists. She had a long sleeve sweater on and the marks on Ms. Hernandez's arms were not visible. GREEN was in his underwear and was bleeding and intoxicated. Ms. Hernandez was scared, wanted no more problems, but wanted Officer Green to leave her house.

16. Plaintiff HERNANDEZ told Deputy HALLMAN and DEFENDANT OFFICERS of the Napa Police Department that she had dialed 9-1-1, that the house was hers, and that she lived alone; she also told Deputy HALLMAN and DEFENDANT OFFICERS that Officer Green had broken into her house and attacked her first and that she was trying to defend herself. She also told Deputy HALLMAN and DEFENDANT OFFICERS that she had ended her relationship with Officer Green earlier that day and that she had called the police on another occasion due to Green's vandalism of Plaintiff HERNANDEZ's property.

17. Plaintiff HERNANDEZ, who is a Latin American female, repeatedly requested that Officer Green, a white male, be taken away from her house. The last time Ms. HERNANDEZ called the police to have Officer GREEN removed from her home, he was driven to a hotel room by Napa police officers because he was once again too intoxicated to drive. On that prior occasion, Officer GREEN adhered to police orders not to return that night.

18. Despite Plaintiff HERNANDEZ 's claims that her home was burglarized and despite Plaintiff's repeated requests to remove Defendant GREEN from her home, Ms. HERNANDEZ was arrested without a warrant or probable cause for battery because Officer GREEN conspired with and willfully participated in a joint action with Defendant OFFICERS to deprive Plaintiff HERNANDEZ of her Fourth Amendment right to be free from unreasonable search and seizure by agreeing that Officer GREEN would swear out a

false citizen's arrest against Plaintiff HERNANDEZ and GREEN would be driven elsewhere. As a proximate cause of the conspiracy between GREEN and Defendant OFFICERS, Plaintiff HERNANDEZ and was taken to jail, booked and had to post bail. The arresting officers placed the handcuffs on so tight that Plaintiff HERNANDEZ had red marks on her wrists the next day after she was arrested. As a result of being falsely arrested and having to post bail, Ms. HERNANDEZ suffered severe emotional stress and took an overdose of elavil and on April 2, 2008, she was taken to the emergency room at Kaiser in Vallejo where she was placed on a California Welfare and Institutions Code section 5150 hold.

19. Because Officer BENDER of the Napa Police Department and other officers responding to the scene failed to protect Plaintiff HERNANDEZ from Officer GREEN on the night he burglarized her home and assaulted her, Plaintiff HERNANDEZ applied to the Napa Superior Court for a restraining order. Plaintiff HERNANDEZ retained an attorney to represent her and incurred attorney's fees and costs in addition to the premium she had to pay to post bail for her release and in addition to the money she lost from lost work. Ultimately the court issued an order punishable by contempt of court that Officer GREEN must not come within 100 yards of Ms. Hernandez and that he refrain from any attempt to communicate with her by any means.. Ms. Hernandez was never charged for assaulting Officer GREEN by the Napa County District Attorney's Office.

**DAMAGES**

20. As a proximate result of Defendants' conduct, Plaintiff HERNANDEZ suffered pain and physical injuries including, but not limited to, sprained and bruised wrists.

21. As a further proximate result of Defendants' conduct, Plaintiff LUZ HERNANDEZ suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of security and dignity.

22. The conduct of Defendant OFFICERS was extreme, outrageous, malicious, wanton, and oppressive. Plaintiff LUZ HERNANDEZ is therefore entitled to an award of punitive damages against Defendant OFFICERS.

23. Plaintiff LUZ HERNANDEZ found it necessary to engage the services of private counsel to vindicate their rights under the law and has and will incur fees and costs.

**FIRST CAUSE OF ACTION**
(42 U.S.C. § 1983)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. In doing the acts complained of, Defendant OFFICERS, DONALD GREEN, and DOES 1 through 30, acted under color of law to deprive Plaintiff HERNANDEZ of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution when they arrested Plaintiff without reasonable and probable cause;

b. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution when they placed the handcuffs on Plaintiff so tightly to cause her bodily injury;

c. The right to substantive due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution when they arbitrarily arrested Ms. Hernandez and allowed an intoxicated individual who burglarized her home and assaulted her to be driven away form the scene;

d. The right to substantive due process of the law, as guaranteed by the

Fourteenth Amendment to the United States Constitution when they recklessly and intentionally failed to investigate exculpatory evidence in Plaintiff HERNANDEZ'S favor when they relied solely upon the claim of citizen witness GREEN that Plaintiff HERNANDEZ assaulted him without independently investigating the basis of his knowledge when he was a clearly intoxicated individual who burglarized Plaintiff's home and assaulted her;

e. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

f. Conspiracy to violate Plaintiff's civil rights; Defendant OFFICERS and citizen DONALD GREEN acted in concert to violate PLAINTIFF'S civil rights when they agreed to fabricate criminal charges against Plaintiff HERNANDEZ. Specifically, DONALD GREEN and Defendant OFFICER BENDER met separately and apart from the other Defendant OFFICERS, and constructed a false story about what had happened in Plaintiff HERNANDEZ'S home, which false story and citizen's arrest was designed to conceal GREEN'S criminal, civil, and moral responsibility for the break-in of Plaintiff HERNANDEZ's home. Once the false story was prepared, the other Defendant OFFICERS present during the false arrest either participated in or witnessed the false arrest and cover-up of GREEN'S burglary and assault upon Plaintiff HERNANDEZ and did nothing to prevent it. Defendant OFFICER BENDER and DOES 1-30 and Defendant GREEN repeated this story in official documents, reports, and Defendant GREEN falsely testified under oath before a magistrate at the hearing on Plaintiff's petition for a

restraining order. As a result of these falsehoods, Plaintiff HERNANDEZ was denied her right to be free from unreasonable seizure as guaranteed by the Fourth Amendment.

26. As a proximate result of Defendant OFFICERS' and DOES 1 through 30 wrongful conduct, Plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SECOND CAUSE OF ACTION**
(42 U.S.C. § 1983)
MONELL LIABILITY

27. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 26 of this complaint as though fully set forth herein.

28. Defendants CITY, CHIEF MELTON, and DOES 1 through 30, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant OFFICERS herein and other Napa police officers, through the failure to protect their citizens from the persistent assaultive conduct of off-duty police officers and unnecessary and excessive force against citizens and false arrests of citizens by escorting and protecting intoxicated off-duty police officers home after they have committed crimes against citizens of the city of Napa. Despite said notice, Defendants CITY, CHIEF MELTON, and DOES 1 through 30 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Napa police officers. This lack of adequate supervisorial response by Defendants CITY, CHIEF MELTON, and DOES 1 through 30 demonstrates ratification of the Defendant OFFICERS' unconstitutional acts, as well as the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against and violation of civil rights of Latin American citizens by Napa police officers.

29. The acts of Defendant OFFICERS and DOES 1 through 30 alleged herein

are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CITY, CHIEF MELTON, and DOES 1 through 30 and their supervisory officials and employees to violations of the constitutional rights of citizens by Defendant OFFICERS herein, and other members of the Napa Police Department. Plaintiff HERNANDEZ's injuries were foreseeable and a proximate result of the deliberate indifference of the CITY, CHIEF MELTON, and DOES 1 through 30 to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**THIRD CAUSE OF ACTION**
(42 U.S.C. § 1981)

30. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. In committing the wrongful acts described herein above, Defendant OFFICERS and DOES 1 through 30 engaged in the racially motivated misuse of government power by arresting Latin American victims of domestic violence and assault and releasing Caucasian perpetrators of violence against Latin American women.

32. The above-described acts of Defendant OFFICERS and DOES 1 through 30 further deprived Plaintiff HERNANDEZ of her rights protected by 42 U.S.C. § 1981, to the full and equal benefit of all laws and proceedings for the security of persons and property and is enjoyed by White citizens, and to be subject to like punishment, pains, penalties, and exactions of every kind, and to no other.

33. The conduct of Defendant OFFICERS and DOES 1 through 30 was committed with the intent to deprive plaintiffs of the above-described rights.

34. The wrongful conduct of Defendant OFFICERS and DOES 1 through 30 proximately resulted in plaintiff suffering injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

///

**FOURTH CAUSE OF ACTION**
(Article I, Sections 7(a) and 13 of the California Constitution)

35. Plaintiff re-alleges and incorporate by reference herein paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The conduct of Defendant OFFICERS and DOES 1 through 30, above described, violated the right of Plaintiff to be free of unreasonable search and seizures under Article I Section 13 of the California Constitution as well as the United States Constitution, and her right not to be deprived of liberty and property without due process of law and not to be singled out for discriminatory treatment based on her race, under Article I Section 7(a) and (b) of the California Constitution as well as the United States Constitution.

37. As a proximate result of Defendant OFFICERS' and DOES 1 through 30's wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**FIFTH CAUSE OF ACTION**
(California Civil Code § 51.7)

38. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this complaint as though fully set forth.

39. Plaintiff is informed and believes and thereon alleges that the instant conduct based upon a past pattern and practice of similar conduct of Defendant OFFICERS and DOES 1 through 30, as described herein, was motivated by racial prejudice against Plaintiff. By engaging in such conduct, Defendant OFFICERS and DOES 1 through 30 violated Plaintiff's rights under California Civil Code § 51.7 to be free from violence or intimidation by threat of violence committed against her because of her race, color, or ancestry.

40. Under the provisions of California Civil Code § 52(b), Defendant OFFICERS and DOES 1 through 30 are liable for each and every offense for exemplary

damages, for civil penalties of twenty-five thousand dollars ($25,000) in addition thereto, and for the payment of Plaintiffs' attorney's fees.

41. As a proximate result of Defendant OFFICERS' and DOES 1 through 30's wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTH CAUSE OF ACTION
(California Civil Code § 52.1)

42. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. The conduct of Defendant OFFICERS and DOES 1 through 30 as described herein violated California Civil Code § 52.1, in that they interfered with Plaintiff's exercise and enjoyment of her civil rights, as enumerated above, including use of wrongful force, conspiracy, and deprivation of her liberty and property.

44. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered and continues to suffer irreparable harm and violation of her constitutional rights, and has suffered damages as hereinafter set forth.

45. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code § 52.1(h).

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SEVENTH CAUSE OF ACTION
(False Arrest and Imprisonment)

46. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 45 of this complaint as through fully set forth.

47. As the aforementioned paragraphs demonstrate, Defendant OFFICERS and DOES 1 through 30 attempted to forcibly seize and restrain Plaintiff HERNANDEZ against her will and without her consent.

48. Defendant OFFICERS and DOES 1 through 30 did not have a warrant, probable cause, or any other legal authority to detain Plaintiff against her will. Plaintiff

had not committed any crime, public offense, or any act which would give the Defendant OFFICERS reasonable cause to suspect her of wrongdoing.

49. The intentional and wrongful conduct of Defendant OFFICERS and DOES 1 through 30 resulted in Plaintiff's suffering injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
(Assault and Battery)

50. Plaintiff re-alleges and incorporate by reference herein paragraphs 1 through 49 of this complaint as though fully set forth.

51. Defendant OFFICERS and DOES 1 through 30 placed Plaintiff HERNANDEZ in immediate fear of severe bodily harm by attempting to physically seize her and by battering her without any just provocation or cause when they placed handcuffs on her wrists too tightly.

52. Plaintiff did not consent to this offensive contact. The conduct of Defendant OFFICERS and DOES 1 through 30 was neither privileged nor justified under statute or common law.

53. The conduct of Defendant OFFICERS and DOES 1 through 30 proximately resulted in Plaintiff's suffering damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

54. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 53 of this complaint as though fully set forth.

55. The conduct of Defendant OFFICERS and DOES 1 through 30 in entering into a conspiracy to falsely and intentionally arrest Plaintiff HERNANDEZ while under the color of authority and then actually arresting her while releasing an intoxicated and bloody intruder who had unlawfully entered into Plaintiff's home and assaulted and

battered her without legal justification or excuse was and is extreme and outrageous conduct done with the intention of causing, or reckless disregard of the probability of causing, emotional distress. As a proximate causation of the extreme and outrageous conduct by Defendant OFFICERS and DOES 1 through 30, Plaintiff HERNANDEZ did suffer and now suffers severe or extreme emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
(Negligence)

56. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 55 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

57. At all times herein mentioned, Defendant OFFICERS and DOES 1 through 30 were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of their police function. The conduct of Defendant OFFICERS and DOES 1 through 30, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, nor did it comply with police department procedures, and proximately caused Plaintiff HERNANDEZ to suffer damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## ELEVENTH CAUSE OF ACTION
(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)

58. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 57 of this complaint as though set forth in full herein.

59. Defendants CITY, MELTON, and DOES 30 through 40 have, at all times mentioned herein had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendant OFFICERS and DOES 1 through

30 herein so as to avoid unreasonable risk of harm to citizens.

60. Defendants CITY, MELTON, and DOES 30 through 31, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant OFFICERS and DOES 1 through 15, and other Napa police officers, including the use of unnecessary and excessive force against citizens and the deprivation of their liberty and property without good cause and illegal search and seizure without probable cause or a search warrant.

61. Despite this notice, Defendants CITY, MELTON, and DOES 20 through 30 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent this continued perpetuation of this pattern of conduct by Napa police officers.

62. Defendants CITY, MELTON, and DOES 20 through 30 breached their duty of care to citizens in that they have failed to adequately train Defendant OFFICERS and DOES 1 through 19, and other Napa police officers, in the proper investigation of domestic violence complaints as well as the use of force in the course of their employment as police officers. This lack of an adequate supervisorial response by Defendants CITY, MELTON, and DOES 20 through 30, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use improper and inadequate investigation of domestic violence complaints and of excessive force and violation of civil rights of citizens by Napa police officers.

63. The wrongful conduct of Defendants CITY, MELTON, and DOES 20 through 30 proximately resulted in Plaintiffs suffering damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

///

///

**TWELFTH CAUSE OF ACTION**
(Respondeat Superior)

64. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 63 of this complaint as though fully set forth.

65. Defendant OFFICERS and DOES 1 through 30 committed the acts described above within the course and scope of their employment as police officers for the CITY OF Napa, Chief of Police MELTON, and DOES 20 through 30.

66. Defendants CITY, MELTON, and DOES 16 through 30 are therefore liable under all causes of action brought against Defendant OFFICERS and DOES 1 through 30 herein for the injuries and damages suffered by Plaintiffs as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**CLAIM REQUIREMENT**

67. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff HERNANDEZ's injuries that are the subject of this cause of action occurred on April 1, 2008. On August 1, 2008 Plaintiff HERNANDEZ made a written Presentation of Claim for damages to Defendant CITY OF Napa in accordance with the provisions of Government Code sections 910 and 945.4. A true and correct copy of the Presentation of Claim is attached to this complaint as Exhibit "A" and incorporated in this complaint by reference.

68. Plaintiff HERNANDEZ's Presentation of Claim of August 1, 2008 was rejected by defendant CITY OF Napa by failure to act on or before November 15, 2008, the last day of the 45-day time limit specified in Government Code section 912.4, subdivision (c).

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof at trial;

2. Special damages according to proof at trial;

3. Punitive damages against individually named police officers according to proof at trial;

4. Exemplary damages and a civil penalty of $25,000 for each violation against Plaintiff of Civil Code § 51.7, and reasonable attorney's fees, pursuant to Civil Code § 52(b);

5. Costs of suit incurred herein;

6. Such other and further relief as the Court may deem just and proper.

Dated: May 12, 2009

Respectfully submitted,

LAW OFFICES OF TIM A. PORI

LAW OFFICES OF ANTHONY PRINCE

By: [signature]

TIM A. PORI
Attorney for Plaintiff HERNANDEZ

**VERIFICATION**

I, LUZ HERNANDEZ, declare:

I am the Plaintiff in the foregoing matter;

I have read the foregoing Complaint for Damages and know the contents thereof to be true and correct of my own personal knowledge except as to those matters therein stated upon information and belief and, as to those matters, I believe them to be true.

Executed this 14 day of May, 2009, at Vallejo, California.

LUZ HERNANDEZ