1  **Tim A. Pori (SBN 189270)**
   LAW OFFICES OF TIM A. PORI
2  521 Georgia Street
   Vallejo, CA 94590
3  Telephone: (707) 644-4004
   Facsimile:   (707) 644-7528
4
5  **Anthony Prince (SBN 202892)**
   LAW OFFICES OF ANTHONY D. PRINCE
   2445 Prince Street
6  Berkely, CA 94705
   Telephone: (510) 845-5475
7  Facsimile:   (510) 845-5475

8  Attorneys for Plaintiff LUZ HERNANDEZ

9
                     IN THE UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11

12 | LUZ HERNANDEZ,                           | Case No.  CV 09-2782 EDL

13 |                 Plaintiff,                | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

14 | vs.                                       | (42 USC § 1983; Illegal Seizure in Violation of the Fourth Amendment to the
15 | CITY OF NAPA, a municipal corporation;    | United States Constitution; Excessive Force
   | RICHARD MELTON, in his capacity as        | in Violation of the Fourth Amendment to the
16 | chief of Police for the CITY OF NAPA,     | United States Constitution; Violation of the
   | OFFICER GARTH BENDER, individually        | Substantive Due Process Clause of the
17 | and in his capacity as a police officer for | Fourteenth Amendment to the United States
   | the CITY OF NAPA; OFFICER RYAN            | Constitution; Violation of the Equal
18 | COLE, individually and in his capacity as a | Protection Clause of the Fourteenth
   | police officer for the CITY OF NAPA,      | Amendment to the United States
19 | OFFICER RYAN HIBBS, individually and      | Constitution; Conspiracy to Violate
   | in his capacity as a police officer for the | Plaintiff's Civil Rights; Monell Liability;
20 | CITY OF NAPA; DONALD GREEN,               | False Arrest and Imprisonment; Assault &
   | individually and acting as a co-conspirator | Battery; Intentional Infliction of Emotional
21 | in conjunction with Defendant Police       | Distress; Negligence; Negligent Selection,
   | Officers for the CITY OF NAPA; JOHN       | Training, Retention, Supervision,
22 | HALLMAN, individually and in his          | Investigation and Discipline; Respondeat
   | capacity as a Deputy Sheriff for the      | Superior.)
23 | COUNTY OF NAPA and DOES 1 - 30            |

24 |                                           | **JURY TRIAL DEMANDED**

25 ///

26 ///

27

28
                                        1

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff hereby alleges as follows:

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged occurred in the City of Napa, California, which is within this judicial district.

2. Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims brought in this action. The federal and state law claims arise from a common set of operative facts and from the same set of transactions and occurrences.

## PARTIES

3. Plaintiff LUZ HERNANDEZ is and at all times herein mentioned was a resident of the City of Napa, County of Napa, State of California.

4. Defendant CITY OF NAPA [hereinafter "CITY"] is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant RICHARD MELTON is and at all times herein mentioned was the Chief of Police for the CITY, acting under color of law and in the course and scope of his employment for Defendant CITY.

5. At all times mentioned herein, Defendants BENDER, COLE, BROOK, HIBBS, GARTH and DOES 1 through 30 were employed as police officers for Defendant CITY. Defendant OFFICERS of the NAPA POLICE DEPARTMENT, and DOES 1 through 30 are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described herein, Defendant OFFICERS of the NAPA POLICE DEPARTMENT, and DOES 1 through 30 acted under color of law and in the course and scope of their employment for Defendant CITY. By engaging in the conduct described herein, Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant HALLMAN of the Napa County Sheriff's Department, and DOES 1 through 30 exceeded the authority invested in them as peace officers under the U.S. Constitution

and as employees of the CITY and the County of Napa.

6. At all times mentioned herein, Defendant JOHN HALLMAN and DOES 1 through 30 were employed as deputy sheriffs for the COUNTY OF NAPA acting individually and in their capacity as deputy sheriffs for the COUNTY OF NAPA. By engaging in the conduct described herein, Defendant HALLMAN acted under color of law and in the course and scope of his employment for the COUNTY of NAPA. By engaging in the conduct described herein, Defendant HALLMAN exceeded the authority invested in him as a deputy sheriff under the U.S. Constitution and as an employee of the COUNTY.

7. At all times mentioned herein, Defendant DONALD GREEN, an off-duty police officer with the Napa State Hospital and acting as a private citizen was acting as a co-conspirator with Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant HALLMAN of the Napa County Sheriff's Department, and DOES 1 through 30, as a willful participant while jointly engaged with Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant HALLMAN of the Napa County Sheriff's Department, and DOES 1 through 30, and was acting 'under color' of law to deprive Plaintiff HERNANDEZ of her Fourth Amendment right to be free from unreasonable search and seizure in violation of 42 U.S. Code section 1983 when he conspired to make and did make a false arrest of Plaintiff HERNANDEZ.

8. Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of Defendant DOES 1 through 30, inclusive, when they have been ascertained.

9. With the exception of Defendant HALLMAN, who was acting within the course and scope of his agency or employment with the NAPA COUNTY SHERIFF'S

DEPARTMENT, at all times herein mentioned each named and each DOE Defendant was the agent or employee of co-Defendant CITY, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendant CITY.

## STATEMENT OF FACTS

10. On or about April 1, 2008, Officer Donald Green of the Napa State Hospital Police and Plaintiff HERNANDEZ, were involved in a verbal altercation which resulted in a break-up of their prior dating relationship.

11. Plaintiff HERNANDEZ left work before 10:00 p.m. because Officer Green's shift ended at 10:00 p.m. and she wanted to assure herself that she was locked inside her home before he got off work. Plaintiff HERNANDEZ arrived at her house about 9:50 p.m. Officer Green's car was not parked in her driveway or in front of her house but was parked around the corner. When Plaintiff HERNANDEZ entered her house, she noticed that her bedroom TV was on the sports channel and she saw Officer Green come out of the bathroom with an unsteady gait and slurred speech.

12. Plaintiff HERNANDEZ, who had no idea how Officer Green had entered her home, noticed that Officer Green was wearing only his underwear and had a pair of scissors in his hand. Plaintiff HERNANDEZ asked Officer Green what he was doing and he answered in a slurred speech that he was cutting his moles as he knew that she did not like them. He pointed to the right side of his torso where Plaintiff HERNANDEZ noticed a small cut that was bleeding. Officer Green's physical and emotional condition, which evidenced obvious signs of intoxication, was enough to scare Plaintiff HERNANDEZ. Plaintiff HERNANDEZ was confused and did not understand how Officer Green had managed to enter her home or how he was able get intoxicated so quickly because he was supposed to be at work until 10:00 p.m.

13. Plaintiff HERNANDEZ asked Officer Green to leave. He then stumbled towards her and tried to hug her while stating "I just want to talk to you." She ran toward

the front door but Officer Green grabbed her with both of his arms from behind. They both fell to the ground. Plaintiff HERNANDEZ tried to get away and told Officer Green to let her go and that she wanted to leave. She asked him to leave, but he would not let her go and they continued to wrestle. Plaintiff HERNANDEZ telephoned 9-1-1, but Officer Green slapped the phone from her hands. She started yelling for help in the hope that the phone call had been successful.

14. Officer Green became angry, shook her, and they started wrestling again. On one occasion, he grabbed her left arm and intentionally rotated her arm while adding pressure to her left shoulder causing pain. She began to scream out in pain, dropped to the floor and he let go. At this point, Plaintiff HERNANDEZ started fighting, kicking, slapping, scratching, yelling, and swearing in self-defense.

15. Officer Green was on top of Plaintiff HERNANDEZ until officers of the Napa Police arrived with Defendant HALLMAN who was acting as cover officer for BENDER. When BENDER and GREEN arrived at Plaintiff HERNANDEZ's residence, they could overhear GREEN assaulting Plaintiff HERNANDEZ. As soon as the Defendant OFFICERS entered Plaintiff HERNANDEZ's home, they separated Officer GREEN and Ms. Hernandez. She was escorted into her room and asked by Defendant HALLMAN if she was okay. She was sweaty and had red marks on her wrists. She had a long sleeve sweater on and the marks on Ms. Hernandez's arms were not visible. GREEN was in his underwear and was bleeding and intoxicated. Ms. Hernandez was scared, wanted no more problems, and wanted Officer GREEN to leave her house.

16. Plaintiff HERNANDEZ told Deputy HALLMAN and DEFENDANT OFFICERS of the Napa Police Department that she had dialed 9-1-1, that the house was hers, and that she lived alone; she also told Deputy HALLMAN and DEFENDANT OFFICERS that Officer Green had broken into her house and attacked her first and that she was trying to defend herself. She also told Deputy HALLMAN and DEFENDANT OFFICERS that she had ended her relationship with Officer Green earlier that day and

that she had called the police on another occasion due to Green's vandalism of Plaintiff HERNANDEZ's property. Deputy HALLMAN told DEFENDANT BENDER that Plaintiff HERNANDEZ spit something into a sink that appeared to be red in color.

17. Plaintiff HERNANDEZ, who is a Latin American female, repeatedly requested that Officer Green, a white male, be taken away from her house. The last time Ms. HERNANDEZ called the police to have Officer GREEN removed from her home, he was driven to a hotel room by Napa police officers because he was once again too intoxicated to drive. On that prior occasion, Officer GREEN adhered to police orders not to return that night.

18. Despite Plaintiff HERNANDEZ 's claims to Defendant HALLMAN that her home was burglarized, and despite Plaintiff's repeated requests to remove Defendant GREEN from her home, Ms. HERNANDEZ was falsely arrested without a warrant or probable cause for domestic violence even though Defendants HALLMAN and BENDER overheard Defendant GREEN assaulting Plaintiff HERNANDEZ when they arrived at Plaintiff HERNANDEZ's home. Officer GREEN conspired with and willfully participated in a joint action with Defendant OFFICERS and Deputy HALLMAN to deprive Plaintiff HERNANDEZ of her Fourth Amendment right to be free from unreasonable search and seizure and her Fourteenth Amendment right to substantive due process and to equal protection of the laws by agreeing that Officer GREEN would claim to be a victim of a battery and participate in the false arrest of Plaintiff HERNANDEZ while GREEN would be driven elsewhere. Defendant Napa OFFICERS and Defendant HALLMAN deprived Plaintiff of her Fourteenth Amendment right to substantive due process when they intentionally ignored the fact that Defendant GREEN entered Plaintiff HERNANDEZ's home without permission; that she had called the police for assistance; that she had been assaulted and was spitting apparent blood from her mouth; instead, all Defendants agreed to arrest Plaintiff HERNANDEZ in order to protect Defendant GREEN from arrest for his burglary of Plaintiff HERNANDEZ's home and assault of her

6

person. As a proximate cause of the conspiracy between GREEN and Defendant OFFICERS, Plaintiff HERNANDEZ and was taken to jail, booked and had to post bail. Defendant BENDER placed the handcuffs on Plaintiff HERNANDEZ so tightly that she had red marks on her wrists the next day after she was arrested. As a result of being falsely arrested and having to post bail, Plaintiff HERNANDEZ suffered severe emotional stress and took an overdose of elavil and on April 2, 2008, she was taken to the emergency room at Kaiser in Vallejo where she was placed on a California Welfare and Institutions Code section 5150 hold.

19. Because Officer BENDER of the Napa Police Department, Defendant Deputy HALLMAN, and other officers responding to the scene failed to protect Plaintiff HERNANDEZ from Officer GREEN on the night he burglarized her home and assaulted her, Plaintiff HERNANDEZ applied to the Napa Superior Court for a restraining order. Plaintiff HERNANDEZ retained an attorney to represent her and incurred attorney's fees and costs in addition to the premium she had to pay to post bail for her release and in addition to the money she lost from missed work. Ultimately the court issued an order punishable by contempt of court that Officer GREEN must not come within 100 yards of Ms. Hernandez and that he refrain from any attempt to communicate with her by any means. Ms. Hernandez was never charged for assaulting Officer GREEN by the Napa County District Attorney's Office.

**DAMAGES**

20. As a proximate result of Defendants' conduct, Plaintiff HERNANDEZ suffered pain and physical injuries including, but not limited to, sprained and bruised wrists.

21. As a further proximate result of Defendants' conduct, Plaintiff LUZ HERNANDEZ suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of security and dignity.

22. The conduct of Defendant OFFICERS was extreme, outrageous, malicious,

7

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

wanton, and oppressive. Plaintiff LUZ HERNANDEZ is therefore entitled to an award of punitive damages against Defendant OFFICERS.

23. Plaintiff LUZ HERNANDEZ found it necessary to engage the services of private counsel to vindicate their rights under the law and has and will incur fees and costs.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. In doing the acts complained of, CITY OF NAPA, Chief RICHARD MELTON of the NAPA POLICE DEPARTMENT, Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant HALLMAN, DONALD GREEN, and DOES 1 through 30, acted under color of law to deprive Plaintiff HERNANDEZ of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution when they arrested Plaintiff without reasonable and probable cause;

    b. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution when co-conspirator BENDER placed the handcuffs on Plaintiff so tightly to cause her bodily injury;

    c. The right to substantive due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution when Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant HALLMAN, and DOES 1 through 30 arbitrarily arrested Ms. Hernandez and allowed an intoxicated Defendant GREEN who

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

burglarized her home and assaulted her to be driven away form the scene;

    d. The right to substantive due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution when they recklessly and intentionally failed to investigate exculpatory evidence in Plaintiff HERNANDEZ'S favor such as: defendant GREEN'S burglary into her home, the fact that Plaintiff was spitting out apparent blood in a sink, the fact that they ignored Plaintiff's injuries and emotional state, and the fact that they ignored the sound of Plaintiff being assaulted when BENDER and HALLMAN arrived; instead DEFENDANTS relied solely upon the claim by GREEN that Plaintiff HERNANDEZ assaulted him without independently investigating the basis of his knowledge when he was a clearly intoxicated individual who burglarized Plaintiff's home and assaulted her;

    e. The right to equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution because Defendants failed to provide Plaintiff HERNANDEZ the same protection as a victim of domestic violence as that provided to victims of nondomestic violence and burglary victims;

    f. Conspiracy to violate Plaintiff's civil rights; Defendant OFFICERS and citizen DONALD GREEN acted in concert to violate PLAINTIFF'S civil rights when they agreed to fabricate criminal charges against Plaintiff HERNANDEZ. Specifically, DONALD GREEN, Deputy HALLMAN and Defendant OFFICER BENDER met and constructed a false story about what had happened in Plaintiff HERNANDEZ'S home, which false story and arrest was

9

designed to conceal GREEN'S criminal, civil, and moral responsibility for the break-in of Plaintiff HERNANDEZ's home. Once the false story was prepared, the other Defendant OFFICERS present during the false arrest either participated in or witnessed the false arrest and cover-up of GREEN's burglary and assault upon Plaintiff HERNANDEZ and did nothing to prevent it. Defendant OFFICER BENDER, Deputy HALLMAN and DOES 1-30 and Defendant GREEN repeated this story in official documents, reports, and Defendant GREEN falsely testified under oath before a magistrate at the hearing on Plaintiff's petition for a restraining order. As a proximate cause of these falsehoods, Plaintiff HERNANDEZ was denied her right to be free from unreasonable seizure and excessive force as guaranteed by the Fourth Amendment, substantive due process, and equal protection of the laws as guaranteed under the Fourteenth Amendment to the Constitution when she was falsely arrested and handcuffed.

26. As a proximate result of Defendant OFFICERS' and DOES 1 through 30 wrongful conduct, Plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983)
MONELL LIABILITY

27. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 26 of this complaint as though fully set forth herein.

28. Defendants CITY, CHIEF MELTON, and DOES 1 through 30, by and through their supervisory officials and employees, have been given notice of an unwritten habit, policy, custom, or practice of repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant OFFICERS herein and other Napa

10

police officers.  This notice includes: the failure to protect their citizens from the persistent assaultive conduct of off-duty police officers, the sanction of unnecessary and excessive force against citizens as well as false arrests of citizens and the protection of sober and intoxicated off-duty police officers after they have committed crimes against citizens of the city of Napa.  Defendants CITY, and CHIEF MELTON also have notice of an unwritten policy, custom, or practice of violating domestic violence victims' right to equal protection of the laws on the ground that they have repeatedly failed to provide the same law enforcement protection to victims of domestic violence as to that provided to victims of nondomestic violence and burglary victims.  Despite said notice, Defendants CITY, CHIEF MELTON, and DOES 30 through 31 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Napa police officers.  This lack of adequate supervisorial response by Defendants CITY, CHIEF MELTON, and DOES 30 through 31 demonstrates ratification of the Defendant OFFICERS' unconstitutional acts, as well as the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against and violation of civil rights of domestic violence victims by Napa police officers.

29. The acts of Defendant OFFICERS and DOES 1 through 30 alleged herein are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CITY, CHIEF MELTON, and DOES 30 through 31 and their supervisory officials and employees to violations of the constitutional rights of citizens by Defendant OFFICERS herein, and other members of the Napa Police Department. Plaintiff HERNANDEZ's injuries were foreseeable and a proximate result of the deliberate indifference of the CITY, CHIEF MELTON, and DOES 1 through 30 to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as set forth herein.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION
(False Arrest and Imprisonment)
(As to All Defendants Except Deputy Hallman)

30. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. As the aforementioned paragraphs demonstrate, Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 entered into a conspiratorial agreement with a single conspiratorial objective which was known to Defendant OFFICERS of the NAPA POLICE DEPARTMENT, and Defendant GREEN to violate Plaintiff HERNANDEZ's civil rights under the Fourth and Fourteenth Amendments to the constitution which set in motion a series of acts which led some of the co-conspirators to forcibly seize and restrain Plaintiff HERNANDEZ against her will and without her consent.

32. Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 did not have a warrant, probable cause, or any other legal authority to detain Plaintiff against her will. Plaintiff had not committed any crime, public offense, or any act which would give the Defendant OFFICERS of the NAPA POLICE DEPARTMENT, or Defendant GREEN, and DOES 1 through 30 reasonable cause to suspect her of wrongdoing.

33. The intentional and wrongful conduct of Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 resulted in Plaintiff's suffering injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Assault and Battery)
(As to All Defendants Except Deputy Hallman)

34. Plaintiff re-alleges and incorporate by reference herein paragraphs 1

12

through 33 of this complaint as though fully set forth.

35. Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 entered into a conspiratorial agreement with a single conspiratorial objective which was known to Defendant OFFICERS of the NAPA POLICE DEPARTMENT and Defendant GREEN to violate Plaintiff HERNANDEZ's civil rights under the Fourth and Fourteenth Amendments to the constitution which set in motion a series of acts which led some of the co-conspirators to place Plaintiff HERNANDEZ in immediate fear of severe bodily harm by physically seizing her and by battering her without any just provocation or cause when Defendant BENDER arrested her and placed handcuffs on her wrists too tightly.

36. Plaintiff did not consent to this offensive contact. The conduct of Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 was neither privileged nor justified under statute or common law.

37. The conduct of Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 proximately resulted in Plaintiff's suffering damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)
(As to All Defendants Except Deputy Hallman)

38. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this complaint as though fully set forth.

39. The conduct of Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 in entering into a conspiracy to falsely and intentionally arrest Plaintiff HERNANDEZ while under the color of authority and then actually arresting her while releasing an intoxicated and bloody intruder who had unlawfully entered into Plaintiff's home and who had assaulted and battered her without legal justification or excuse was and is extreme and outrageous

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

conduct done with the intention of causing, or reckless disregard of the probability of causing, emotional distress. As a proximate causation of the extreme and outrageous conduct by Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30, Plaintiff HERNANDEZ did suffer and now suffers severe or extreme emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION
(Negligence)
(As to All Defendants Except Deputy Hallman)

40. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 39 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

41. At all times herein mentioned, Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of their police function. The conduct of Defendant OFFICERS and DOES 1 through 30, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, nor did it comply with police department procedures, and proximately caused Plaintiff HERNANDEZ to suffer damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### ELEVENTH CAUSE OF ACTION
(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)

(As to All Defendants Except Deputy Hallman)

42. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 41 of this complaint as though set forth in full herein.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

43. Defendants CITY, MELTON, and DOES 30 through 40 have, at all times mentioned herein had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendant OFFICERS of the NAPA POLICE DEPARTMENT herein so as to avoid unreasonable risk of harm to citizens.

44. Defendants CITY, MELTON, and DOES 30 through 31, by and through their supervisory officials and employees, have been given notice of repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant OFFICERS and DOES 1 through 30, and other Napa police officers, through the failure to protect their citizens from the persistent assaultive conduct of off-duty police officers, unnecessary and excessive force against citizens, and false arrests of citizens by protecting sober and intoxicated off-duty police officers after they have committed crimes against citizens of the city of Napa.  Defendants CITY, CHIEF MELTON and DOES 30 through 31, by and through their supervisory officials and employees, have also been given notice of an unwritten policy, custom, or practice of violating domestic violence victims' right to equal protection of the laws on the ground that they have repeatedly failed to provide the same law enforcement protection to victims of domestic violence as to that provided to victims of nondomestic violence and burglary investigations.

45. Despite this notice, Defendants CITY, MELTON, and DOES 20 through 30 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent this continued perpetuation of this pattern of conduct by Napa police officers.

46. Defendants CITY, MELTON, and DOES 20 through 30 breached their duty of care to citizens in that they have failed to adequately train Defendant OFFICERS and DOES 1 through 30, and other Napa police officers, in the proper investigation of domestic violence complaints as well as the use of force and false arrest in the course of their employment as police officers.  This lack of an adequate supervisorial response by Defendants CITY, MELTON, and DOES 20 through 30, and lack of adequate

1 supervisorial training, demonstrates the existence of an informal custom or policy which
2 tolerates and promotes the continuing use improper and inadequate investigation of
3 domestic violence complaints and of excessive force, false arrest, and violation of civil
4 rights of citizens by Napa police officers.

47. The wrongful conduct of Defendants CITY, MELTON, and DOES 20 through 30 proximately resulted in Plaintiffs suffering damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### TWELFTH CAUSE OF ACTION
(Respondeat Superior)
(As To Defendants CITY, MELTON, and DOES 30 through 31 )

48. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 47 of this complaint as though fully set forth.

49. Defendant OFFICERS and DOES 1 through 30 committed the acts described above within the course and scope of their employment as police officers for the CITY OF Napa, Chief of Police MELTON, and DOES 20 through 30.

50. Defendants CITY, MELTON, and DOES 30 through 31 are therefore liable under all causes of action brought against Defendant OFFICERS and DOES 1 through 30 herein for the injuries and damages suffered by Plaintiffs as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### CLAIM REQUIREMENT
(As to All Defendants Except Deputy Hallman)

51. For state causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff HERNANDEZ's injuries that are the subject of this cause of action occurred on April 1, 2008. On August 1, 2008 Plaintiff HERNANDEZ made a written Presentation of Claim For Damages to Defendant CITY OF Napa in accordance with the provisions of Government Code sections 910 and 945.4. A true and correct copy of the Presentation

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1  of Claim is attached to this complaint as Exhibit "A" and incorporated in this complaint
2  by reference.
3      52.    Plaintiff HERNANDEZ's Presentation of Claim of August 1, 2008 was
4  rejected by defendant CITY OF Napa by  failure to act on or before November 15, 2008,
5  the last day of the 45-day time limit specified in Government Code section 912.4,
6  subdivision (c).

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof at trial;
2. Special damages according to proof at trial;
3. Punitive damages against individually named police officers according to proof at trial;
4. Attorney's fees under U.S.C. § 1988;
5. Costs of suit incurred herein;
6. Such other and further relief as the Court may deem just and proper.

Dated: August 11, 2009            Respectfully submitted,

                                        LAW OFFICES OF TIM A. PORI

                                        LAW OFFICES OF ANTHONY PRINCE

                              By:    /s. Tim A. Pori
                                        TIM A. PORI
                                        Attorney for Plaintiff HERNANDEZ

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

**VERIFICATION**

I, LUZ HERNANDEZ, declare:

I am the Plaintiff in the foregoing matter;

I have read the foregoing Complaint for Damages and know the contents thereof to be true and correct of my own personal knowledge except as to those matters therein stated upon information and belief and, as to those matters, I believe them to be true.

Executed this 11th day of August, 2009, at Vallejo, California.

          /s/   Luz Hernandez
LUZ HERNANDEZ

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES