**Tim A. Pori (SBN 189270)**
LAW OFFICES OF TIM A. PORI
521 Georgia Street
Vallejo, CA 94590
Telephone: (707) 644-4004
Facsimile:  (707) 644-7528

**Anthony Prince (SBN 202892)**
LAW OFFICES OF ANTHONY D. PRINCE
2445 Prince Street
Berkely, CA 94705
Telephone: (510) 845-5475
Facsimile:  (510) 845-5475

Attorneys for Plaintiff LUZ HERNANDEZ

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ HERNANDEZ, | Case No.  09-2782-EDL |
| Plaintiff, | **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES** |
| vs. | |
| CITY OF NAPA, a municipal corporation; RICHARD MELTON, in his capacity as chief of Police for the CITY OF NAPA, OFFICER GARTH BENDER, individually and in his capacity as a police officer for the CITY OF NAPA; DONALD GREEN, individually and acting as a co-conspirator in conjunction with Defendant Police Officers for the CITY OF NAPA; JOHN HALLMAN, individually and in his capacity as a Deputy Sheriff for the COUNTY OF NAPA and DOES 1 - 30 | (42 USC § 1983; Illegal Seizure in Violation of the Fourth Amendment to the United States Constitution; Excessive Force in Violation of the Fourth Amendment to the United States Constitution;; Conspiracy to Violate Plaintiff's Civil Rights; Monell Liability; False Arrest and Imprisonment; Assault & Battery; Intentional Infliction of Emotional Distress; Negligence; Respondeat Superior.) |
| | **JURY TRIAL DEMANDED** |

Plaintiff hereby alleges as follows:

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged occurred in the City of Napa, California, which is within this judicial district.

1

1      2.     Pursuant  to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over

2  the state claims brought in this action.  The federal and state law claims arise from a

3  common set of operative facts and from the same set of transactions and occurrences.

4                                   **PARTIES**

5      3.     Plaintiff LUZ HERNANDEZ is and at all times herein mentioned was a

6  resident of the City of Napa, County of Napa, State of California.

7      4.     Defendant CITY OF NAPA [hereinafter "CITY"] is a municipal

8  corporation, duly organized and existing under the laws of the State of California.

9  Defendant RICHARD MELTON is and at all times herein mentioned was the Chief of

10  Police for the CITY, acting under color of law and in the course and scope of his

11  employment for Defendant CITY.

12      5.     At all times mentioned herein, Defendants BENDER,  and DOES 1 through

13  30 were employed as police officers for Defendant CITY.  Defendant BENDER of the

14  NAPA POLICE DEPARTMENT, and DOES 1 through 30 are sued individually and in

15  their capacity as police officers for the CITY.  By engaging in the conduct described

16  herein, Defendant BENDER of the NAPA POLICE DEPARTMENT, and DOES 1

17  through 30 acted under color of law and in the course and scope of their employment for

18  Defendant CITY.  By engaging in the conduct described herein, Defendant BENDER of

19  the NAPA POLICE DEPARTMENT, Defendant HALLMAN of the Napa County

20  Sheriff's Department, and DOES 1 through 30 exceeded the authority invested in them as

21  peace officers under the U.S. Constitution and as employees of the CITY and the County

22  of Napa.

23      6.     At all times mentioned herein, Defendant JOHN HALLMAN and DOES 1

24  through 30 were employed as deputy sheriffs for the COUNTY OF NAPA acting

25  individually and in their capacity as deputy sheriffs for the COUNTY OF NAPA.  By

26  engaging in the conduct described herein, Defendant HALLMAN acted under color of

27  law and in the course and scope of his employment for the COUNTY of NAPA.  By

28  

2

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

engaging in the conduct described herein, Defendant HALLMAN exceeded the authority invested in him  as a deputy sheriff under the U.S. Constitution and as an employee of the COUNTY.

7.    At all times mentioned herein, Defendant DONALD GREEN, an off-duty police officer with the Napa State Hospital and acting as a  private citizen was acting as a co-conspirator with Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant HALLMAN of the Napa County Sheriff's Department, and DOES 1 through 30, as a willful participant while jointly engaged with Defendant OFFICERS of the NAPA POLICE DEPARTMENT, Defendant HALLMAN of the Napa County Sheriff's Department, and DOES 1 through 30, and was acting 'under color' of law to deprive Plaintiff HERNANDEZ of her Fourth Amendment right to be free from unreasonable search and seizure in violation of 42 U.S. Code section 1983 when he conspired to make and did make a false arrest of Plaintiff HERNANDEZ.

8.    Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein.  Plaintiff will amend this complaint to state the true names and capacities of Defendant DOES 1 through 30, inclusive, when they have been ascertained.

9.    With the exception of Defendant HALLMAN, who was acting within the course and scope of his agency or employment with the NAPA COUNTY SHERIFF'S DEPARTMENT, at all times herein mentioned each named and each DOE Defendant was the agent or employee of co-Defendant CITY, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendant CITY.

## STATEMENT OF FACTS

10.    On or about April 1, 2008, Officer Donald Green of the Napa State Hospital

3

1  Police and Plaintiff HERNANDEZ, were involved in a verbal altercation which resulted

2  in a break-up of their prior dating relationship.

3       11.   Plaintiff HERNANDEZ left work before 10:00 p.m. because Officer

4  Green's shift ended at 10:00 p.m. and she wanted to assure herself that  she was locked

5  inside her home before he got off work.   Plaintiff HERNANDEZ arrived at her house

6  about 9:50 p.m.  Officer Green's car was not parked in her driveway or in front of her

7  house but was parked around the corner.  When Plaintiff HERNANDEZ entered her

8  house, she noticed that her bedroom TV was on the sports channel and she saw Officer

9  Green come out of the bathroom with an unsteady gait and slurred speech.

10      12.   Plaintiff HERNANDEZ, who had no idea how Officer Green had entered

11 her home, noticed that Officer Green was wearing only his underwear and had a pair of

12 scissors in his hand.  Plaintiff HERNANDEZ asked Officer Green what he was doing and

13 he answered in a slurred speech that he was cutting his moles as he knew that she did not

14 like them.  He pointed to the right side of his torso where Plaintiff HERNANDEZ noticed

15 a small cut that was bleeding.  Officer Green's physical and emotional condition, which

16 evidenced obvious signs of intoxication, was enough to scare Plaintiff HERNANDEZ.

17 Plaintiff HERNANDEZ was confused and did not understand how Officer Green had

18 managed to enter her home or how he was able get intoxicated so quickly because he was

19 supposed to be at work until 10:00 p.m.

20      13.   Plaintiff HERNANDEZ asked Officer Green to leave.  He then stumbled

21 towards her and tried to hug her while stating "I just want to talk to you."  She ran toward

22 the front door but Officer Green grabbed her with both of his arms from behind.  They

23 both fell to the ground.  Plaintiff HERNANDEZ  tried to get away and told Officer Green

24 to let her go and that she wanted to leave.  She asked him to leave, but he would not let

25 her go and they continued to wrestle.   Plaintiff HERNANDEZ telephoned 9-1-1, but

26 Officer Green slapped the phone from her hands.  She  started yelling for help in the hope

27 that the phone call had been successful.

28

4

14.     Officer Green became angry, shook her, and they started wrestling again. On one occasion, he grabbed her left arm and intentionally rotated her arm while adding pressure to her left shoulder causing pain. She began to scream out in pain, dropped to the floor and he let go.  At this point, Plaintiff HERNANDEZ started fighting, kicking, slapping, scratching, yelling, and swearing in self-defense.

15.     Officer Green was on top of Plaintiff HERNANDEZ until officers of the Napa Police arrived with Defendant HALLMAN who was acting as cover officer for BENDER.  When BENDER and HALLMAN arrived at Plaintiff HERNANDEZ's residence, they could overhear GREEN assaulting Plaintiff HERNANDEZ.  As soon as the Defendant OFFICERS entered Plaintiff HERNANDEZ's  home, they separated Officer GREEN and Ms. Hernandez.  She was escorted into her room and asked by Defendant HALLMAN if she was okay.  She was sweaty and had red marks on her wrists.  She had a long sleeve sweater on and the marks on Ms. Hernandez's arms were not visible.  GREEN was in his underwear and was bleeding and intoxicated.  Ms. Hernandez was scared, wanted no more problems, and wanted Officer GREEN to leave her house.

16.     Plaintiff HERNANDEZ told Deputy HALLMAN and DEFENDANT OFFICERS of the Napa Police Department that she had dialed 9-1-1, that the house was hers, and that she lived alone; she also told Deputy HALLMAN and DEFENDANT OFFICERS that Officer Green had broken into her house and attacked her first and that she was trying to defend herself.  She also told Deputy HALLMAN and DEFENDANT OFFICERS that she had ended her relationship with Officer Green earlier that day and that she had called the police on another occasion due to Green's vandalism of Plaintiff HERNANDEZ's property.  Deputy HALLMAN told DEFENDANT BENDER that Plaintiff HERNANDEZ spit something into a sink that appeared to be red in color.

17.     Plaintiff HERNANDEZ, who is a Latin American female, repeatedly requested that Officer Green, a white male, be taken away from her house.  The last time

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   Ms. HERNANDEZ called the police to have Officer GREEN removed from her home, he

2   was driven to a hotel room by Napa police officers because he was once again too

3   intoxicated to drive.  On that prior occasion, Officer GREEN adhered to police orders not

4   to return that night.

5       18.    Despite Plaintiff HERNANDEZ 's claims to Defendant HALLMAN that

6   her home was burglarized, and despite Plaintiff's repeated requests to remove Defendant

7   GREEN from her home, Ms. HERNANDEZ was falsely arrested without a warrant or

8   probable cause for domestic violence even though Defendants HALLMAN and BENDER

9   overheard Defendant GREEN assaulting Plaintiff HERNANDEZ when they arrived at

10  Plaintiff HERNANDEZ's home.  Officer GREEN conspired with and willfully

11  participated in a joint action with Defendant OFFICERS and Deputy HALLMAN to

12  deprive Plaintiff HERNANDEZ of her Fourth Amendment right to be free from

13  unreasonable search and seizure by agreeing that Officer GREEN would claim to be a

14  victim of a battery and participate in the false arrest of Plaintiff HERNANDEZ while

15  GREEN would be driven elsewhere. As a proximate cause of the conspiracy between

16  GREEN and Defendant OFFICERS, Plaintiff HERNANDEZ and was taken to jail,

17  booked and had to post bail.  Defendant BENDER placed the handcuffs on Plaintiff

18  HERNANDEZ so tightly that she had red marks on her wrists the next day after she was

19  arrested.  As a result of being falsely arrested and having to post bail, Plaintiff

20  HERNANDEZ suffered severe emotional stress and took an overdose of elavil and on

21  April 2, 2008, she was taken to the emergency room at Kaiser in Vallejo where she was

22  placed on a California Welfare and Institutions Code section 5150 hold.

23      19.    Because Officer BENDER of the Napa Police Department, Defendant

24  Deputy HALLMAN, and other officers responding to the scene failed to protect Plaintiff

25  HERNANDEZ from Officer GREEN on the night he burglarized her home and assaulted

26  her, Plaintiff HERNANDEZ applied to the Napa Superior Court for a restraining order.

27  Plaintiff HERNANDEZ retained an attorney to represent her and incurred attorney's fees

28

6

and costs in addition to the premium she had to pay to post bail for her release and in addition to the money she lost from missed work. Ultimately the court issued an order punishable by contempt of court that Officer GREEN must not come within 100 yards of Ms. Hernandez and that he refrain from any attempt to communicate with her by any means. Ms. Hernandez was never charged for assaulting Officer GREEN by the Napa County District Attorney's Office.

## DAMAGES

20.     As a proximate result of Defendants' conduct, Plaintiff HERNANDEZ suffered pain and physical injuries including, but not limited to, sprained and bruised wrists.

21.     As a further proximate result of Defendants' conduct, Plaintiff LUZ HERNANDEZ suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of security and dignity.

22.     The conduct of Defendant OFFICERS was extreme, outrageous, malicious, wanton, and oppressive. Plaintiff LUZ HERNANDEZ is therefore entitled to an award of punitive damages against Defendant OFFICERS.

23.     Plaintiff LUZ HERNANDEZ found it necessary to engage the services of private counsel to vindicate their rights under the law and has and will incur fees and costs.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this complaint as though fully set forth herein.

25.     In doing the acts complained of, CITY OF NAPA, Chief RICHARD MELTON of the NAPA POLICE DEPARTMENT, Defendant BENDER of the NAPA POLICE DEPARTMENT, Defendant HALLMAN, DONALD GREEN, and DOES 1 through 30, acted under color of law to deprive Plaintiff HERNANDEZ of certain

7

1   constitutionally protected rights, including, but not limited to:

2           a.      The right to be free from unreasonable search and seizure,

3                     as guaranteed by the Fourth Amendment to the United

4                     States Constitution when they arrested Plaintiff without reasonable

5                     and probable cause;

6           b.      The right to be free from the use of excessive force by police

7                     officers, which is guaranteed by the Fourth Amendment to the

8                     United States Constitution when co-conspirator BENDER placed the

9                     handcuffs on Plaintiff so tightly to cause her bodily injury;

10          c.      Conspiracy to violate Plaintiff's civil rights; Defendant OFFICER

11                    BENDER, citizen DONALD GREEN and DEPUTY HALLMAN

12                    acted in concert to violate PLAINTIFF'S civil rights when they

13                    agreed to fabricate criminal charges against Plaintiff HERNANDEZ.

14                    Specifically, DONALD GREEN, Deputy HALLMAN and

15                    Defendant OFFICER BENDER met and constructed a false story

16                    about what had happened in Plaintiff HERNANDEZ'S home, which

17                    false story and arrest was designed to conceal GREEN'S criminal,

18                    civil, and moral responsibility for the break-in of Plaintiff

19                    HERNANDEZ's home.  Once the false story was prepared, the other

20                    Defendant OFFICERS present during the false arrest either

21                    participated in or witnessed the false arrest and cover-up of

22                    GREEN's burglary and assault upon Plaintiff HERNANDEZ and did

23                    nothing to prevent it.   Defendant OFFICER BENDER, Deputy

24                    HALLMAN and DOES 1-30 and Defendant GREEN repeated this

25                    story in official documents, reports, and Defendant GREEN falsely

26                    testified under oath before a magistrate at the hearing on Plaintiff's

27                    petition for a restraining order. As a proximate cause of these

28

1  falsehoods, Plaintiff HERNANDEZ was denied her right to be free

2  from unreasonable seizure and excessive force as guaranteed by the

3  Fourth Amendment when she was falsely arrested and handcuffed.

4     26.    As a proximate result of Defendant OFFICERS' and DOES 1 through 30

5  wrongful conduct, Plaintiff suffered injuries and damages as hereinafter set forth.

6     WHEREFORE, Plaintiff prays for relief as set forth herein.

7                          **SECOND CAUSE OF ACTION**
                              (42 U.S.C. § 1983)
8                             MONELL LIABILITY
      27.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1
9
   through 26 of this complaint as though fully set forth herein.
10
      28.    Defendants CITY, CHIEF MELTON, and DOES 1 through 30, by and
11
   through their supervisory officials and employees, have been given notice of an unwritten
12
   habit, policy, custom, or practice of repeated occasions of a pattern of ongoing
13
   constitutional violations and practices by Defendant OFFICERS herein and other Napa
14
   police officers.  This notice includes: the failure to protect their citizens from the
15
   persistent assaultive conduct of off-duty police officers, the sanction of unnecessary and
16
   excessive force against citizens as well as false arrests of citizens and the protection of
17
   sober and intoxicated off-duty police officers after they have committed crimes against
18
   citizens of the city of Napa.  Despite said notice, Defendants CITY, CHIEF MELTON,
19
   and DOES 30 through 31 have demonstrated deliberate indifference to this pattern and
20
   practice of constitutional violations by failing to take necessary, appropriate, or adequate
21
   measures to prevent the continued perpetuation of said pattern of conduct by Napa  police
22
   officers.  This lack of adequate supervisorial response by Defendants CITY, CHIEF
23
   MELTON, and DOES 30 through 31 demonstrates ratification of the Defendant
24
   OFFICERS' unconstitutional acts, as well as the existence of an informal custom or
25
   policy which tolerates and promotes the continued use of excessive force against and
26
   violation of civil rights of domestic violence victims by Napa police officers.
27

28
                                     9

1   29.   The acts of Defendant OFFICERS and DOES 1 through 30 alleged herein

2   are the direct and proximate result of the deliberate indifference and policy and/or

3   practice of Defendants CITY, CHIEF MELTON, and DOES 30 through 31 and their

4   supervisory officials and employees to violations of the constitutional rights of citizens by

5   Defendant OFFICERS herein, and other members of the Napa Police Department.

6   Plaintiff HERNANDEZ's injuries were foreseeable and a proximate result of the

7   deliberate indifference of the CITY, CHIEF MELTON, and DOES 1 through 30 to the

8   pattern, practices, customs, and policies described above.

9   WHEREFORE, Plaintiff prays for relief as set forth herein.

10

11   **THIRD CAUSE OF ACTION**
(False Arrest and Imprisonment)
12   (As to Defendant BENDER)

13   30.   Plaintiff re-alleges and incorporates by reference herein paragraphs 1

14   through 29 of this complaint as though fully set forth herein.

15   31.   As the aforementioned paragraphs demonstrate, Defendant BENDER of the

16   NAPA POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 entered

17   into a conspiratorial agreement with a single conspiratorial objective which was known to

18   Defendant BENDER of the NAPA POLICE DEPARTMENT, and Defendant GREEN to

19   violate Plaintiff HERNANDEZ's civil rights under the Fourth Amendment to the

20   constitution which set in motion a series of acts which led some of the co-conspirators to

21   forcibly seize and restrain Plaintiff HERNANDEZ against her will and without her

22   consent.

23   32.   Defendant BENDER of the NAPA POLICE DEPARTMENT, Defendant

24   GREEN, and DOES 1 through 30 did not have a warrant, probable cause, or any other

25   legal authority to detain Plaintiff against her will.  Plaintiff had not committed any crime,

26   public offense, or any act which would give the Defendant BENDER of the NAPA

27   POLICE DEPARTMENT, or Defendant GREEN, and DOES 1 through 30 reasonable

28

10

1    cause to suspect her of wrongdoing.

2        33.    The intentional and wrongful conduct of Defendant BENDER of the NAPA

3    POLICE DEPARTMENT, Defendant GREEN, and DOES 1 through 30 resulted in

4    Plaintiff's suffering injuries and damages as hereinafter set forth.

5        WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

6
                            **EIGHTH CAUSE OF ACTION**
7                                  (Assault and Battery)
                               (As to Defendant BENDER)
8
         34.    Plaintiff re-alleges and incorporate by reference herein paragraphs 1
9
     through 33 of this complaint as though fully set forth.
10
         35.    Defendant BENDER of the NAPA POLICE DEPARTMENT, Defendant
11
     GREEN, and DOES 1 through 30 entered into a conspiratorial agreement with a single
12
     conspiratorial objective which was known to Defendant OFFICERS of the NAPA
13
     POLICE DEPARTMENT and Defendant GREEN to violate Plaintiff HERNANDEZ's
14
     civil rights under the Fourth Amendment to the constitution which set in motion a series
15
     of acts which led some of the co-conspirators to place Plaintiff HERNANDEZ in
16
     immediate fear of severe bodily harm by physically seizing her and by battering her
17
     without any just provocation or cause when Defendant BENDER arrested her and placed
18
     handcuffs on her wrists too tightly.
19
         36.    Plaintiff did not consent to this offensive contact.  The conduct of
20
     Defendant BENDER of the NAPA POLICE DEPARTMENT, Defendant GREEN, and
21
     DOES 1 through 30 was neither privileged nor justified under statute or common law.
22
         37.    The conduct of Defendant BENDER of the NAPA POLICE
23
     DEPARTMENT, Defendant GREEN, and DOES 1 through 30 proximately resulted in
24
     Plaintiff's suffering damages as hereinafter set forth.
25
         WHEREFORE, Plaintiff prays for relief as hereinafter set forth.
26
     ///
27

28
                                        11

1

## NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(As to Defendant BENDER)

2

3       38.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1

4    through 37  of this complaint as though fully set forth.

5       39.    The conduct of Defendant BENDER of the NAPA POLICE

6    DEPARTMENT, Defendant GREEN, and DOES 1 through 30 in entering into a

7    conspiracy to falsely and intentionally arrest Plaintiff HERNANDEZ while under the

8    color of authority and then actually arresting her while releasing an intoxicated and

9    bloody intruder who had unlawfully entered into Plaintiff's home and who had assaulted

10   and battered her without legal justification or excuse was and is extreme and outrageous

11   conduct done with the intention of causing, or reckless disregard of the probability of

12   causing, emotional distress.  As a proximate causation of the extreme and outrageous

13   conduct by Defendant BENDER of the NAPA POLICE DEPARTMENT, Defendant

14   GREEN, and DOES 1 through 30 ,  Plaintiff HERNANDEZ did suffer and now suffers

15   severe or extreme emotional distress.

16           WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

17

## TENTH CAUSE OF ACTION
(Negligence)
(As to Defendant BENDER)

18

19

20       40.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1

21   through 39 of this complaint, except for any and all allegations of intentional, malicious,

extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all

22   allegations requesting punitive damages.

23

24       41.    At all times herein mentioned, Defendant BENDER of the NAPA POLICE

25   DEPARTMENT, Defendant GREEN, and DOES 1 through 30 were subject to a duty of

26   care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of

their police function.  The conduct of Defendant OFFICERS and DOES 1 through 30, as

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  set forth herein, did not comply with the standard of care to be exercised by reasonable

2  police officers, nor did it comply with police department procedures, and proximately

3  caused Plaintiff HERNANDEZ to suffer damages as hereinafter set forth.

4      WHEREFORE, Plaintiff prays for relief as set forth herein.

5

6              **ELEVENTH CAUSE OF ACTION**

               (Respondeat Superior)

7       (As To Defendants CITY, MELTON, and DOES 30 through 31 )

8      42.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through

9  41 of this complaint as though fully set forth.

10     43.    Defendant OFFICERS and DOES 1 through 30 committed the acts

11 described above within the course and scope of their employment as police officers for

12 the CITY OF Napa, Chief of Police MELTON, and DOES 20 through 30.

13     44.    Defendants CITY, MELTON, and DOES 30 through 31 are therefore liable

14 under all causes of action brought against Defendant OFFICERS and DOES 1 through 30

15 herein for the injuries and damages suffered by Plaintiffs as hereinafter set forth.

16     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

17

18              **CLAIM REQUIREMENT**

           (As to All Defendants Except Deputy Hallman)

19     45.    For state causes of action related to Federal claims, Plaintiff is required to

20 comply with an administrative claim requirement under California law.  Plaintiff

21 HERNANDEZ's injuries that are the subject of this cause of action occurred on April 1,

22 2008.  On August 1, 2008 Plaintiff HERNANDEZ made a written Presentation of Claim

23 For Damages to Defendant CITY OF Napa in accordance with the provisions of

24 Government Code sections 910 and 945.4.   A true and correct copy of the Presentation of

25 Claim is attached to this complaint as Exhibit "A" and incorporated in this complaint by

26 reference.

27     46.    Plaintiff HERNANDEZ's Presentation of Claim of August 1, 2008 was

28

                           13

1  rejected by defendant CITY OF Napa by  failure to act on or before November 15, 2008,

2  the last day of the 45-day time limit specified in Government Code section 912.4,

3  subdivision (c).

4                                              **JURY DEMAND**

5              Plaintiff hereby demands a jury trial in this action.

6

7                                                **PRAYER**

8              WHEREFORE, Plaintiff prays for relief as follows:

9        1.       General damages according to proof at trial;

10       2.       Special damages according to proof at trial;

11       3.       Punitive damages against individually named police officers according to

12  proof at trial;

13       4.       Attorney's fees under U.S.C. § 1988;

14       5.       Costs of suit incurred herein;

15       6.       Such other and further relief as the Court may deem just and proper.

16

17  Dated: November 6, 2009                    Respectfully submitted,

18                                             LAW OFFICES OF TIM A. PORI

19                                             LAW OFFICES OF ANTHONY PRINCE

20

21                                    By:     /S/  Tim A. Pori
                                             _____
22                                           TIM A. PORI
                                             Attorney for Plaintiff HERNANDEZ

23

24

25

26

27

28

                                              14

1

**VERIFICATION**

2

I, LUZ HERNANDEZ, declare:

3

I am the Plaintiff in the foregoing matter;

4

I have read the foregoing Complaint for Damages and know the contents thereof to

5

be true and correct of my own personal knowledge except as to those matters therein

6

stated upon information and belief and, as to those matters, I believe them to be true.

7

Executed this 6th day of November, 2009, at Vallejo, California.

8

9
/s/   Luz Hernandez
LUZ HERNANDEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15