1   EDMUND G. BROWN JR.
Attorney General of California
MIGUEL A. NERI
FIEL D. TIGNO
Supervising Deputy Attorneys General
ROBERT ANDREW HARKNESS
Deputy Attorney General
State Bar No. 66117
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-2216
 Fax:  (510) 622-2270
 E-mail:  Robert.Harkness@doj.ca.gov
*Attorneys for Respondent California Department of Mental Health*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUZ HERNANDEZ,** <br><br> Petitioner, <br><br> v. <br><br> **DONALD GREEN,** <br><br> Respondent. | Case No. CV 09 2782 EDL <br><br> **PROTECTIVE ORDER RE DISCLOSURE OF INFORMATION AND DOCUMENTS FROM DEFENDANT DONALD GREEN'S DMV PERSONNEL RECORDS** |

On March 22, 2010, the respondent California Department of Mental Health (DMH), an agency of the State of California, was served by plaintiff Luz Hernandez with a subpoena duces tecum, which requested compliance by April 7, 2010, by delivering the confidential and privileged personnel file of Donald Allen Green, a former DMH law enforcement officer, to Doucette & Associates, an agency employed by plaintiff's attorney Tim A. Pori.  Specifically, the subpoena commanded the respondent to produce for inspection and copying any and all personnel records of Mr. Green.  Counsel for plaintiff Hernandez and counsel for respondent DMH have conferred and stipulated that the scope of the subpoena be limited to any and all personnel records relating to the DMH Internal Affairs investigation of the April 1, 2008 incident between plaintiff

1 and Mr. Green (incident), which was the subject of a citizens complaint made by plaintiff
2 Hernandez to Napa State Hospital, an institution operated and managed by the DMH. The parties
3 have also stipulated, by and through their respective counsel to the terms of the Protective Order
4 set forth below.

5      On April 30, 2010, respondent DMH filed its motion with this Court for an order for an *in*
6 *camera* review of the DMH's file personnel records relating to the incident to determine which
7 documents are relevant to the pending lawsuit and must be disclosed to the plaintiff and for a
8 protective order. No opposition to the respondent's motion was filed. On June 17, 2010, good
9 cause appearing, the Court granted the respondent's motion for an *in camera* review. The Court
10 subsequently conducted an *in camera* review of the DMH Internal Affairs file related to the
11 incident and has determined that certain documents be produced to the plaintiff's counsel
12 pursuant to the following protective order. Accordingly,

13      IT IS HEREBY ORDERED that

14      1.    This Protective Order shall govern the use and disclosure of all documents and
15 information produced in response to the subpoena seeking confidential peace officer personnel
16 records and information, issued by plaintiff Hernandez and served on the DMH, and ordered
17 disclosed by this Court.

18      2.    The confidential peace officer personnel record information and documents ordered
19 disclosed by this Court shall not be used in any proceeding other than this action, *Luz Hernandez*
20 *v. City of Napa, et al.,* Case No. CV 09-2782 EDL, in the United States District Court for the
21 Northern District of California.

22      3.    Under no circumstances shall such confidential peace officer personnel record
23 information and documents either orally or by writing, be inputted into any file, computer
24 program, or database or listed manually in any file manual, notebook, listing, or other writing as it
25 pertains to law enforcement personnel, except any computer program or case file maintained
26 specifically for this action.

27
28

4.   The attorney for the parties, including any and all agents hired to assist the attorney for the parties in this action, shall at all times maintain the confidentially of all peace officer personnel record information and documents ordered disclosed.

5.   At the conclusion of this action, and in order to allow defendant to exhaust his right to appeal and/or pursue any habeas corpus action, the attorneys for the parties shall either destroy, or return to the California Attorney General's Office within one (1) year after judgment is final, all originals or copies of all confidential peace officer personnel documents and materials ordered disclosed by this Court, including without limitation, any delivered by defendant's counsel, or the attorneys for the Government, to any third party agent.

6.   In advance of trial, plaintiff may not disclose to any other party to this action any document or information disclosed to plaintiff by respondent DMH under this Protective Order, except as required by the Federal Rules of Civil Procedure or rule of this Court.

7.   Any party, who receives from the plaintiff any information or document disclosed under this Protective Order, is bound by all its terms.

8.   Disobedience of this Protective Order may be treated as a Contempt of Court.

DATED:  July 6, 2010

_____
THE HONORABLE ELIZABETH D. LAPORTE
MAGISTRATE JUDGE OF THE U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA