Michael W. Barrett, City Attorney, State Bar No. 155968
David C. Jones, Deputy City Attorney, State Bar No. 129881
NAPA CITY ATTORNEY'S OFFICE
CITY OF NAPA
P.O. Box 660
955 School Street
Napa, CA  94559
Telephone:  (707) 257-9516
Fax:  (707) 257-9274

Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:     (415) 353-0999
Facsimile:      (415) 353-0990

Attorneys for Defendants CITY OF NAPA, POLICE CHIEF RICHARD MELTON
And OFFICER GARTH BENDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ HERNANDEZ,<br><br>             Plaintiff,<br>   vs.<br><br>CITY OF NAPA, et al.,<br><br>             Defendants. | Case No.:   C09-2782 EDL<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S EVIDENCE PRESENTED IN OPPOSITION TO MOTION TO BIFURCATE 42 U.S.C. SECTION 1983 MUNICIPAL LIABLITY CLAIMS**<br><br>Date:   July 20, 2010<br>Time:  9:00 a.m.<br>Courtroom E, 15th Floor<br>Magistrate Judge Elizabeth D. Laporte |

Defendants CITY OF NAPA, POLICE CHIEF RICHARD MELTON and OFFICER GARTH BENDER hereby object to the following evidence presented by plaintiff LUZ HERNANDEZ in opposition to defendants' motion to bifurcate.

Declarations that would not be admissible are subject to objection and may be stricken. *FDIC v. New Hampshire*, 953 F.2d 478, 484 (9th Cir. 1991).  Admissibility of the evidence is governed by the Federal Rules of Evidence ("FRE"), and evidence which is not relevant is not admissible.  (FRE 402.)  Even relevant evidence may be excluded where it is unduly prejudicial.  (FRE 403.)  Hearsay

1

OBJECTION TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO CITY DEFENDANTS' MOTION TO BIFURCATE LIABILITY CLAIMS

evidence may be considered by expert witnesses only if the hearsay at issue is of the type commonly relied on by experts in rendering opinions. (FRE 703.) However, such hearsay evidence is still inadmissible and subject to objection where offered for the truth of the matter asserted. (FRE 802.) Further, expert witness testimony regarding legal conclusions is inappropriate. (See *Jarritos, Inc. v. Los Jarritos*, 2007 WL 1302506, *12 (N.D. Cal. 2007) (reversed and remanded on other grounds by *Jarritos, Inc. v. Reyes*, 345 Fed.Appx. 215 (9th Cir. 2009)).)

**1.     Declaration of Roger Clark in Support of Plaintiff's Opposition to Defendants' Motion to Bifurcate**

The entire declaration of Roger Clark filed in opposition to defendants' motion to bifurcate is irrelevant to the issues presented in defendants' motion. As a preliminary matter to establish municipal liability, plaintiff must first show a violation of her Constitutional rights on the date of the incident. No portion of Clark's declaration is relevant to that issue. The declaration itself does not address the circumstances of this case at all. More importantly, he opines that the City has a faulty policy of investigating tort claims based on his review of tort claims filed by disgruntled citizens and representations of the City's practice as related to him by plaintiff's counsel. (See declaration of Roger Clark, hereinafter "Clark Declaration", ¶31.) These tort claims do not establish what may actually have happened in any of these unrelated incidents and are merely <u>unsubstantiated allegations</u>. **Plaintiff does not claim that her constitutional rights were violated because of the City's handling of tort claims, which are presented well after incidents are completed in anticipation of litigation under the Tort Claims Act.** Rather, plaintiff claims the City and Chief Melton are liable because they had a policy of preferential treatment for persons associated with law enforcement who were involved in domestic violence situations, <u>not</u> that there was a faulty policy of failing to investigate tort claims. Plaintiff's particular tort claim in fact was investigated by City representatives. (See Declaration of David C. Jones, ¶¶ 3-5.) Whatever the City's practice may be regarding handling tort claims, the alleged practice has no bearing on plaintiff's claims in this case and were not the "moving force" behind a violation of her constitutional rights. The declaration also ignores that citizen's complaints may have been filed prior to any tort claims, that the police department conducts investigations pursuant to citizen's complaints, that other departmental

investigations routinely are conducted and may have been conducted prior to the 7 claims being filed. The declaration is wholly irrelevant and speculative.

Further, even if it is deemed to be relevant to the present motion, the declaration is prejudicial to defendants. Clark's declaration improperly obfuscates the questions of the constitutionality of Officer Bender's actions with the questions regarding the City of Napa and Chief Melton's liability.

**2.    Exhibits A-H to the Declaration of Roger Clark in Support of Plaintiff's Opposition to Defendants' Motion to Bifurcate**

Exhibits A-H to the declaration of Clark are irrelevant to the issues presented in the present motion. Each of these exhibits is a claim against the City of Napa from dates preceding the incident and involving entirely different sets of circumstances. The exhibits do not address plaintiff's burden to show a violation of her Constitutional rights by Officer Bender on the date of the incident. The exhibits also do not show any policy, pattern, practice or custom of the City that may have caused a violation of plaintiff's civil rights. As such, the exhibits are irrelevant to the present motion to bifurcate.

Additionally, even if they are deemed relevant to the present motion, Exhibits A-H are prejudicial to defendants. The exhibits improperly obfuscate the questions of the constitutionality of Officer Bender's actions with the questions regarding the City of Napa and Chief Melton's liability.

Exhibits A-H are inadmissible as hearsay and as improper matter on which an expert in the field would not ordinarily rely when formulating an opinion. Each of Exhibits A-H is a claim filed with the City of Napa concerning police activities. The exhibits are inadmissible to the extent that they are offered for the truth of the matter asserted. The claims are mere allegations and fall under no exception to the hearsay rule.

Even though an expert may consider hearsay evidence where the hearsay at issue is of the type commonly relied on by experts in rendering opinions, Clark apparently has not reviewed or considered police reports or witness statements regarding the incidents addressed in Exhibits A-H. A claim form containing the allegations providing only one side of matter should not be the only information relied upon when formulating an expert opinion. If this were the case, a plaintiff's expert could review nothing but complaints against a particular defendant as a basis for an opinion that a

1 defendant fell below a standard of care.  Likewise, a defense expert could simply review denials to form the basis of his competing opinion.  The whole story surely cannot be told from one side, and Clark's reliance on the claims is improper as a basis for any expert opinion.  The claims are thus hearsay and are subject to exclusion.

**3. Declaration of Roger Clark in Support of Plaintiff's Opposition to Defendants' Motion to Bifurcate, ¶ 31**

This paragraph states that plaintiff's counsel told Clark that when counsel "requested records (pursuant to Rule 34)…he was told that no such records existed;" "Mr. Pori also advised [Clark] that counsel for the City told him that it is the policy and practice of the Napa Police Department to ignore the complaint and leave it to the City's risk management carrier and the City Attorney to defend the claim;" and "Mr. Pori was also told by counsel that the Napa Police Department does not investigate claims or lawsuits filed against the City of Napa."  Each of these statements is improper and inadmissible double hearsay.  These statements are offered for the truth of the matter asserted, and, as such, are improper.

**4. Declaration of Roger Clark in Support of Plaintiff's Opposition to Defendants' Motion to Bifurcate, ¶ 32.**

Clark offers the improper legal conclusion that the Napa Police Department falls below the professional standard of care by allegedly failing to "pay close attention to every citizen complaint of police misconduct."  This paragraph is an inappropriate legal conclusion and should be excluded. (Additionally, the improper conclusion is drawn from double hearsay.)

Dated:  July 6, 2010                              BERTRAND, FOX & ELLIOT


By: _____/s/_____
    Attorneys for Defendants
    CITY OF NAPA, POLICE CHIEF RICHARD
    MELTON and OFFICER GARTH BENDER

OBJECTION TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO CITY DEFENDANTS' MOTION TO BIFURCATE LIABILITY CLAIMS