IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ HERNANDEZ,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF NAPA, et al.,<br><br>    Defendants.<br>_____/ | No. C-09-02782 EDL<br><br>**ORDER REGARDING MOTION TO BIFURCATE AND MOTION TO COMPEL; DENYING REQUEST TO STAY ALL MONELL-RELATED DISCOVERY** |

This action arises out of the arrest of Plaintiff Luz Hernandez on April 1, 2008 by police officers from the City of Napa and the Napa County Sheriff's Department.

On July 20, 2010, the Court held a hearing on Defendants City of Napa, Chief of Police Melton, and Officer Bender's ("City Defendants") Motion to Bifurcate 42 U.S.C. § 1983 Municipal Liability Claim. The City Defendants' Motion also requested that discovery on Plaintiff's Monell municipal liability claim be stayed. The City Defendants' motion argues that trial of Plaintiff's Monell claim should be bifurcated because the evidence relating to municipal liability is irrelevant unless Plaintiff first establishes a violation of her constitutional rights, and is separate and distinct from her claims against Officer Bender. The City Defendants further argue that Plaintiff's presentation of evidence involving other incidents, unrelated to her arrest or the officers involved, in an attempt to show a policy or practice, deliberate indifference, or ratification would be unduly prejudicial and unfairly influence the jury's evaluation of Officer Bender's actions in this case.

1  Plaintiff counters that she need not prove that the individual officers named in her complaint
2  violated her constitutional rights in order to establish her Monell claims, that evidence for her
3  municipal liability claim is inextricably intertwined with evidence supporting her other claims, and
4  that bifurcation would result in prejudice to her and a waste of judicial and jury resources.
5  Defendant John Hallman, Deputy Sheriff for the County of Napa, filed a statement of non-
6  opposition to the City Defendant's motion.   The question of whether to bifurcate a trial is a matter
7  committed to this Court's discretion.  See, e.g., Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th
8  Cir.2001).  The Court elects not to decide the issue of bifurcating trial at this time, and will instead
9  address the issues raised by the City Defendants' Motion at the pre-trial conference, although the
10 Court may well decide to phase the trial, as discussed at the hearing.  The Court DENIES the City
11 Defendants' request to stay all Monell-related discovery at this time.

12     Also on July 20, 2010, this Court held a hearing on Plaintiff's Motion to Compel information
13 relating to her First Requests for Production of Documents served on the City of Napa.  In light of
14 the parties' productive ongoing meet and confer efforts and the expectation that the parties will be
15 able to resolve their remaining disputes without Court intervention, the Court hereby DENIES the
16 Motion WITHOUT PREJUDICE.  The parties shall meet and confer and notify the Court of an
17 acceptable hearing date for a renewed hearing on this motion, and may request a somewhat
18 expedited schedule for filing updated papers, and may request use of a joint memorandum setting
19 forth side by side each side's position on each issue.  A renewed hearing date will be placed on the
20 Court's calendar, and vacated if the Court later determines that a further hearing is unnecessary.

22     **IT IS SO ORDERED.**

24 Dated: July 20, 2010

   _____
   ELIZABETH D. LAPORTE
   United States Magistrate Judge

2