Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant
COUNTY OF NAPA DEPUTY SHERIFF JOHN HALLMAN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NAPA, a municipal corporation; RICHARD MELTON, in his capacity as Chief of Police for the CITY OF NAPA; OFFICER GARTH BENDER, individually and in his capacity as a police officer for the CITY OF NAPA; OFFICER RYAN COLE, individually and in his capacity as a police officer for the CITY OF NAPA; OFFICER RYAN HIBBS, individually and in his capacity as a police officer for the CITY OF NAPA; DONALD GREEN, individually and acting as a co-conspirator in conjunction with Defendant Police Officers for the CITY OF NAPA; JOHN HALLMAN, individually and in his capacity as a Deputy Sheriff for the COUNTY OF NAPA; and DOES 1-30,<br><br>Defendants. | Case No: C 09-02782 EDL<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION** |

## STIPULATION

The parties, by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

1.      In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order

1   ("Order").  Confidential information is information which has not been made public and is privileged

2   and confidential and protected from public disclosure under applicable Federal or California State law.

3       2.      Confidential documents shall be so designated by stamping copies of the document

4   produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on

5   the cover of any multi-page document shall designate all pages of the document as confidential, unless

6   otherwise indicated by the producing party.

7       3.      Material designated as confidential under this Order, the information contained therein,

8   and any summaries, copies, abstracts, or documents derived in whole or in part from material

9   designated as confidential ("confidential material") shall be used only for the purpose of the

10  prosecution, defense, or settlement of this action and for no other purpose.

11      4.      Confidential material produced pursuant to this Order may be disclosed or made

12  available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff

13  employed by such counsel) and to the "qualified persons" designated below:

14          a.      Experts or consultants (together with their clerical staff) retained by such

15                  counsel to assist in the prosecution, defense or settlement of this action;

16          b.      Court reporters employed in this action; and

17          c.      A witness at any deposition or proceedings in this action.

18          d.      Any other person as to whom the parties in writing agree.

19      Prior to receiving any confidential material, each "qualified person" shall be provided with a

20  copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy

21  of which shall be maintained by the counsel who is providing the materials.

22      5.      The portion of any deposition in which confidential materials are discussed shall be

23  taken only in the presence of qualified persons, as defined above.

24      6.      Nothing herein shall impose any restrictions on the use or disclosure by a party of

25  material obtained by such party independent of discovery in this action, whether or not such material is

26  also obtained through discovery in this action, or from disclosing its own confidential material as it

27  deems appropriate.

28  ///

Stipulation and Order to Protect Confidential Information [09-02782 EDL]

7.      Receipt by any party of any confidential information does not constitute, nor is it to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

8.      If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in Court, such papers shall be labeled "confidential-subject to court order" and filed under seal until further order of this court.  Each envelope containing confidential material shall be endorsed with the title and case number of this action, and indication of the nature of said sealed envelope, a legend "confidential-designated by counsel," and a statement substantially in the following form: "This envelope contains documents which are filed in this case is not to be opened, nor the contents thereof to be displayed or revealed except by order of the court." Except, however, that any papers served on counsel for the parties need not include separate sealed envelopes for confidential materials.

9.      This Order shall be without prejudice to the right of the parties 1) to bring before the court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or 2) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10.     Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the affect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

11.     This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever occurs first, each party shall return to the producing party all confidential materials and any and all copies thereof.

12.     The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal or to file documents redacted of confidential information other than that defined in the applicable Local Rules.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with all Local Rules, or, in the alternative, seek to redact the confidential portions of the document to be filed.

**IT IS SO STIPULATED.**

Dated: July 16, 2010                      LAW OFFICES OF TIM A. PORI


By:_____/s/  Tim A. Pori_____
    Tim A. Pori
    Attorney for Plaintiff
    LUZ HERNANDEZ


Dated: July 16, 2010                      BERTRAND, FOX & ELLIOT


By:_____/s/  Gregory M. Fox_____
    Gregory M. Fox
    Attorney for Defendants
    CITY OF NAPA, POLICE CHIEF RICHARD
    MELTON and OFFICER GARTH BENDER


Dated: July 16, 2010                      MEYERS, NAVE, RIBACK, SILVER & WILSON


By:_____/s/  Kevin E. Gilbert_____
    Kevin E. Gilbert
    Attorney for Defendant
    COUNTY OF NAPA DEPUTY
    SHERIFF JOHN HALLMAN

///
///
///

Stipulation and Order to Protect Confidential Information [09-02782 EDL]

## ORDER

Good cause appearing, the Court hereby adopts the above-stipulation of the parties as an order of this Court.

**IT IS SO ORDERED.**

Dated: _____July 26_____, 2010

_Elizabeth D. Laporte_
_____
UNITED STATES MAGISTRATE JUDGE
ELIZABETH D. LAPORTE

Stip and Order to Protect Confidential Information.doc

---

Stipulation and Order to Protect Confidential Information [09-02782 EDL]

## ATTACHMENT A

## <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Luz Hernandez v. City of Napa, et al.,* United States District Court for the Northern District of California, Civil Action No. C 09-02782 EDL, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____          _____

Stipulation and Order to Protect Confidential Information [09-02782 EDL]