IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ HERNANDEZ,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF NAPA, et al.,<br><br>    Defendants.<br>_____/ | No. C-09-02782 EDL<br><br>**ORDER REGARDING IN CAMERA REVIEW OF TWO CITY OF NAPA INTERNAL AFFAIRS FILES** |

**Background**

This is a § 1983 action against the City of Napa and various police and sheriff's department officers arising from Plaintiff's arrest during a domestic violence incident at her home. On April 1, 2008, Plaintiff and Defendant Green, who was at the time a Napa State Hospital Police officer, were involved in an altercation which resulted in the break-up of their romantic relationship. That evening, when Plaintiff returned home from work, Mr. Green was in her house and they had a physical altercation during which Plaintiff called 911. When Napa officers arrived at Plaintiff's house, they separated Plaintiff and Mr. Green and conducted some investigation. Thereafter, Plaintiff was arrested. Plaintiff alleges that Mr. Green conspired with Defendants to deprive her of her civil rights by constructing a false story in which Mr. Green would claim to be a battery victim, while Plaintiff was arrested and Mr. Green was driven elsewhere. Further, Plaintiff claims that Defendants perpetuated this false story in official documents and reports and in doing so denied her

right to be free from unreasonable seizure.

The parties submitted a stipulated protective order to govern the production of confidential documents in this case, and the Court entered the Order on July 26, 2010. In the course of discovery, the parties agreed that the City of Napa defendants should search for "any citizen complaint involving any officers including the defendant officer and all witness officers who were present at plaintiff's residence either on the date of the April incident that forms the basis for her lawsuit and/or during another incident in January of the same year." See Dkt. # 140 at 1-2. The City of Napa has located two citizen's complaints and related internal affairs investigations that fall within the scope of this request that it contends are confidential. Pursuant to the parties' stipulation, this Court agreed to conduct an *in camera* review of the two complaint files to determine if any or all of the documents should be produced, and if so whether they should be produced under the protective order in place in this case.

Having reviewed the documents submitted by the City of Napa, the Court hereby Orders that some of the documents, as specified below, be produced, subject to the stipulated protective order. However, the Court finds that the remaining documents are irrelevant to the issues raised by Plaintiff's lawsuit and, in any event, the privacy interests implicated by the documents outweigh Plaintiff's interest in the information in question, and therefore they need not be produced.

**II.   Standard of Review**

Generally the privacy interest in police records such as those in question must be balanced against the interests of the party seeking discovery to determine if a right to privacy exists. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995), articulates the following standard:

> Federal common law recognizes a qualified privilege for official information. Kerr v. U.S. Dist. Ct. for the Northern Dist., 511 F.2d 192, 198 (9th Cir. 1975). In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. Kelly v. City of San Jose, 114 F.R.D. at 660; Miller v. Pancucci, 141 F.R.D. at 300; Hampton v. City of San Diego, 147 F.R.D. at 230-31; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir.1990), cert den., 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991). In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." Kelly, 114 F.R.D. at 661.
>
> . . .

2

> If the party asserting the privilege meets the threshold requirement, the court will conduct a balancing analysis that considers, but is not limited to, the following factors: (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. Kelly v. City of San Jose, 114 F.R.D. at 663 (citing Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa.1973)).

Id. at n.4.

### III.     Documents Provided For In Camera Review

The City of Napa has submitted two citizen's complaints and related internal affairs investigation documents that apparently involve officers who were present at plaintiff's residence either on the date of the April incident that forms the basis for her lawsuit or during another incident involving Plaintiff in January of the same year, though neither of the citizen's complaints presented for *in camera* review involve any officer personally named in the complaint. After reviewing the records, the Court finds as follows:

**A.     Citizen's Complaint 09-02**

This file contains a completely irrelevant, non-job-related citizen's complaint. No documents in this file shall be produced.

**B.     Citizen's Complaint 93-13**

This file contains a citizen's complaint and related documents concerning the handling of parking citations and their follow-up over fifteen years ago. Any tangential relevance is outweighed by the individual officers' privacy interests and the fact that the documents concern an incident that

//
//
//
//

1   occurred fifteen years before the incident involving Plaintiff.

3   **IT IS SO ORDERED.**

5   Dated: December 16, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge