1
2
3
4
5
6
7
8
9
10
11

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12 LUZ HERNANDEZ, | No. C-09-02782 EDL |
| 13    Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE PLAINTIFF'S SUPPLEMENTAL DAMAGES EVIDENCE** |
| 14  v. | |
| 15 CITY OF NAPA, et al., | |
| 16    Defendants. | |
| 17 _____/ | |

18   **Background**

19      This is a § 1983 action against the City and County of Napa and various police and sheriff's

20   department officers arising from Plaintiff's arrest during a domestic violence incident at her home.

21   Initial disclosures were completed by approximately November 2009.  Plaintiff responded to Deputy

22   Hallman's written discovery requests in April 2010 and her deposition was taken on May 19, 2010.

23   Non-expert discovery closed on July 2, 2010 and expert discovery closed on December 8, 2010.

24   The case is set for trial February 27, 2012.

25      On June 3, 2011, Plaintiff made supplemental disclosures and identified additional documents

26   supporting her damages claim, many of which should have been, but were apparently not, disclosed

27   in her initial disclosures or discovery responses.  Deputy Hallman filed a motion to exclude the

28   newly produced: (1) notes and schedules dating to 2008 outlining her wage loss; (2) medical records

dating back to 2008; (3) wage records dating back to 2007; (4) costs relating to Plaintiff's temporary

1  restraining order against Mr. Green and criminal defense charges against her from 2008; and (5)

2  various other receipts and check stubs dating back to 2008 that were produced for the first time in

3  June 2011.

4       Pursuant to Federal Rule of Civil Procedure 26(e):

5          A party who has made a disclosure under Rule 26(a) – or who has responded to
        an interrogatory, request for production, or request for admission – must

6          supplement or correct its disclosure or response:(A) in a timely manner if the
        party learns that in some material respect the disclosure or response is incomplete

7          or incorrect, and if the additional or corrective information has not otherwise been
        made known to the other parties during the discovery process or in writing; or (B)

8          as ordered by the court.[1]

9       Since Plaintiff did not disclose documents and other information in these categories until

10  almost a year after discovery closed, Deputy Hallman claims that he did not have adequate

11  opportunity to conduct discovery relating to this additional information and has been prejudiced as a

12  result.  He therefore argues that the information should be excluded pursuant to Rule 37(c)(1).  See

13  Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by

14  Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

15  motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

16       Based on the parties arguments in their briefs and during oral argument, the Court concludes

17  that Plaintiff failed to timely supplement and has provided no substantial justification for this failure,

18  but that the failure is harmless so long as Deputy Hallman is allowed to re-depose Plaintiff relating

19  to the supplemental evidence provided in support of her damages claim, given that he already may

20  attend the upcoming 30(b)(6) deposition of Napa State Hospital agreed to by Plaintiff and the City

21  Defendants.  The Court hereby Orders that:

22  •    The parties shall meet and confer about the newly produced documents and Plaintiff shall
     remove from the document production all irrelevant documents such as those pertaining to

23       costs and fees in this civil action;

24

25       [1]Also relevant is this Court's Case Management Order in this case, which provides that: "Rule
26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial
disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the

26  circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties
will supplement and/or correct their disclosures promptly when required under that Rule, without the

27  need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1),
the parties will supplement and/or correct all previously made disclosures and discovery responses**

28  **28 days before the fact discovery cutoff date.**" Dkt. # 40 (emphasis in original).

United States District Court
For the Northern District of California

<div style="text-align: left; transform: rotate(-90deg);">

**United States District Court**
For the Northern District of California

</div>

1

2 • The parties shall meet and confer to confirm that all parties possess copies of all documents produced by third parties in response to subpoenas;

3 • Defendants shall be allowed to re-depose Plaintiff for up to four hours on the topic of damages, with the focus on the newly disclosed damages documents; and

4

5 • Plaintiff is counseled to be responsive to the questions posed during the deposition and not provide tangential responses.

6

7 **IT IS SO ORDERED.**

8

9 Dated: September 20, 2011



ELIZABETH D. LAPORTE
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28