UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUZ HERNANDEZ,

        Plaintiff,

   v.

THE CITY OF NAPA, et al.

        Defendants.

_____/

No. C-09-2782-EDL

**ORDER IN ADVANCE OF FINAL PRE-TRIAL CONFERENCE**

On April 13, 2012, the Court held a pretrial conference in this case and ordered the parties to meet and confer on a number of issues in advance of the final pre-trial conference on May 31, 2012. The parties provided the Court with an update on the status of their meet and confer efforts, but did not address all of the outstanding issues that just be resolved prior to trial. The Court hereby Orders the parties to be prepared to present to the Court, at the final pre-trial conference on May 31, 2012 at 9:30 a.m., their final resolution of the following issues:

**TRIAL SCHEDULE AND PROCEDURE**

The pre-trial order provided: "The Court will allow three hours of time for opening statements, and three hours of time for closing statements. The exact division of time between the parties will be determined at the next pre-trial conference. Plaintiff shall have 23 hours of trial time to present his case, and Defendants shall collectively have 23 hours of trial time to present their defenses. Defendants shall meet and confer about how to divide their trial time." The parties shall

inform the Court of how they will divide their time for opening and closing arguments, and how Defendants will divide their collective trial time.

**WITNESSES**

The parties have resolved their objections to all witnesses, and shall provide the Court with updated witness lists at the final pre-trial conference.

The Court previously ordered the parties to meet and confer to reach a stipulation regarding the authenticity of documents in an effort to avoid the need for testimony by custodians of records. The parties shall be prepared to inform the Court of the result of this meet and confer effort, and whether and why any custodians of records will be required to testify.

**EVIDENTIARY OBJECTIONS**

The parties have resolved all but three of their evidentiary objections. The Court has considered the parties' arguments and excludes Plaintiff's Exhibit 61 and the City Defendants' Exhibits EE and FF under Federal Rule of Evidence 403. The parties shall provide the Court with updated exhibit lists at the final pre-trial conference.

The parties shall also report to the Court on whether they were able to stipulate to allowing their experts' resumes into evidence to streamline background testimony.

**MOTIONS IN LIMINE**

In connection with the motions in limine, the Court ordered the parties to meet and confer on a number of issues. The parties did not provide a report to the Court about the results of those efforts, and shall report to the Court regarding the following:

1. Plaintiff's Motion No. 4 to exclude opinions of Defendant Bender's expert Sara J. Polfliet M.D. was denied, unless Plaintiff was willing to limit her damages claim to the time period before the event leading to her workers' compensation claim. The Court ordered the parties to meet and confer to determine the scope of Plaintiff's damages claim as it relates to Ms. Polfliet's testimony. The parties shall report to the Court about the scope of Plaintiff's damages claim.

2. A ruling on Plaintiff's Motion No. 7 and Deputy Hallman's Motion No. 1, relating to how to refer to Mr. Green's occupation, was deferred. The Court ordered the parties to meet and confer on a neutral statement to read to the jury regarding Mr. Green's position at Napa State

1 Hospital. The parties shall provide the Court with this neutral statement at the final pre-trial
2 conference.

3     3.    The City Defendants' Motion No. 9 relating to the transcript of the audiotape was
4 granted in part and denied in part, and the Court ordered the parties to meet and confer and develop
5 an agreed-upon transcript with "blanks" indicating the places where they cannot agree and therefore
6 the jury must determine what is on the tape. The parties shall provide the Court with a copy of the
7 agreed-upon transcript with "blanks" at the final pre-trial conference.

8     4.    Ruling on the City Defendants' Motion No. 13 and Hallman's Motion No. 2 to
9 exclude written records offered in support of Plaintiff's wage loss claim which were produced late or
10 not at all was deferred, and the Court allowed a subpoena to the custodian of records at Napa State
11 Hospital for documents. The parties shall report to the Court on the result of this subpoena, and
12 whether there are any remaining issues regarding wage loss documents.

13     5.    The Court denied Deputy Hallman's motion to preclude reference or evidence
14 pertaining to County of Napa policies, but stated that it would consider a limiting instruction
15 informing the jury that this evidence may not be considered for purposes of qualified immunity.
16 Deputy Hallman has not proposed any such limiting instruction.

17 **JURY INSTRUCTIONS**

18 The Court ordered the parties to meet and confer regarding a proper way to inform the jury
19 about the right under California law to eject a trespasser from real property and the issue of self-
20 defense. The parties shall provide the Court with a joint statement to be read to the jury regarding
21 the issues of the right to eject a trespasser and self-defense at the final pre-trial conference.

22 **VERDICT FORM**

23 The Court ordered the parties to meet and confer and submit an electronic blind copy of any
24 agreed-upon verdict form. The parties have informed the Court that they continue to meet and
25 confer regarding the verdict form, but did not submit any new versions of a verdict form so it is
26 unclear exactly what is still in dispute. At the final pre-trial conference, the parties shall provide the
27 Court with a single verdict form, indicating what portions of the verdict form, if any, are still in
28 dispute. If necessary, the parties may provide the Court with two versions of the verdict form, one

reflecting qualified immunity as a jury question and one reflecting qualified immunity as a question to be resolved by the Court based on specified factual findings by the jury.

**IT IS SO ORDERED.**

Dated: May 30, 2012


ELIZABETH D. LAPORTE
United States Magistrate Judge