UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUZ HERNANDEZ,

        Plaintiff,

  v.

THE CITY OF NAPA, et al.

        Defendants.

_____/

No. C-09-2782-EDL

**ORDER REGARDING PRE-TRIAL RULING ON NEGLIGENCE**

On May 31, 2012, the Court held a final pretrial conference. For the reasons stated at the conference and in this Order, the Court ruled that Plaintiff's state law negligence claim would not be tried to the jury. In connection with summary judgment, Plaintiff argued that a "special relationship" arose between her and Officer Bender when he responded to her 911 call, as it does "when the conduct of a police officer, in a situation of dependency, results in detrimental reliance on him for protection." See Williams v. State of California, 34 Cal. 3d 18, 25 (1983). However, the cases where a duty of a police officer has been found are primarily focused on situations where an officer increased the risk of the type of harm that he was called on to protect against and that the plaintiff ultimately suffered. Here, Officer Bender was called to Plaintiff's home for domestic violence, and there is no allegation that he increased the relevant risk of harm or that she suffered any additional harm of this type due to his action or inaction. Defendants separated Plaintiff and Mr. Green, he did no further physical harm to her, and the officers did not let him stay at her home. Rather, the gravamen of Plaintiff's claims is that Defendants inflicted a new and different harm on

her: false arrest and jail.  By contrast, the "special relationship" exception to the general rule barring negligence claims against the police concerns detrimental reliance on the police to protect against the same risk of harm that the police undertook to protect the civilian from, but instead the police worsened that risk.  <u>See id.</u> at 24-25 (discussing cases).

Further, in denying summary adjudication, the Court reasoned that, "[i]f Plaintiff is successful in establishing a conspiracy between the officers and Mr. Green to arrest her in favor of Mr. Green, this could be an affirmative act that increased the risk of harm to Plaintiff and a breach of their duty to her."  Dkt. #173 at 36.  The Court thus only allowed the negligence claim to survive contingent on Plaintiff ultimately proving her claim conspiracy.  In other words, if Plaintiff does not prove conspiracy, her negligence claim necessarily fails. Plaintiff indicated that a state law negligence claim is advantageous to her because it is not subject to a qualified immunity defense, but if the jury concludes that the federal claims fail due to that defense, Plaintiff's negligence claim also fails.  Therefore, negligence is not an alternative theory of liability against Officer Bender, but is redundant and cumulative because it rises and falls with her other claims (which are being fully tried to a jury) and provides no alternative or additional recovery.

**IT IS SO ORDERED.**

Dated: June 8, 2012

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge