Gregory M. Fox, State Bar No. 070876
Meaghan A. Snyder, State Bar No. 279392
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

Michael W. Barrett, City Attorney, State Bar No. 155968
David C. Jones, Deputy City Attorney, State Bar No. 129881
NAPA CITY ATTORNEY'S OFFICE
CITY OF NAPA
P.O. Box 660
955 School Street
Napa, CA  94559
Telephone:  (707) 257-9516
Fax:  (707) 257-9274

Attorneys for Defendants
CITY OF NAPA and OFFICER GARTH BENDER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NAPA, et al.,<br><br>    Defendants. | Case No. 3:09-cv-02782-EDL<br><br>**DEFENDANTS CITY OF NAPA AND GARTH BENDER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' <u>RENEWED</u> MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Date:       September 11, 2012<br>Time:       9:00 a.m.<br>Location:  Courtroom E, 15th Floor<br><br>**Hon. Elizabeth D. Laporte** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL ARGUMENT............................................................................................................1

    A. Officer Bender is Entitled to Qualified Immunity as a Matter of Law ..............................1

    B. The Undisputed Evidence Does Not Support Plaintiff's Claim for Unlawful Arrest........5

    C. The Undisputed Evidence Does Not Support Plaintiff's Conspiracy Claim .....................7

    D. The Undisputed Evidence Does Not Support a Claim for False Arrest under State Law ........................................................................................................................................8

    E. The Undisputed Evidence Fails to Support a Claim for Intentional Infliction of Emotional Distress ................................................................................................................8

    F. The Undisputed Evidence Fails to Support A Claim for Punitive Damages .....................9

III. CONCLUSION......................................................................................................................9

i

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
*Hernandez v. City of Napa, et al.*
U.S. District Court Nor. Dist. Case No.: 3:09-cv-02782-EDL

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. County of Los Angeles*,
    64 F.3d 1315 (9th Cir. 1995) ............................................................................................. 1

*Anderson v. Creighton*,
    483 U.S. 635 (1987) .......................................................................................................... 4

*Aquino v. Superior Court*,
    21 Cal. App. 4th 847 (1993) ............................................................................................. 8

*Ashley v. Sutton*,
    492 F.Supp.2d 1230 (Dist. Ore. 2007) .............................................................................. 1

*Avalos v. Baca*,
    596 F.3d 583 (9th Cir. 2010) ......................................................................................... 4, 7

*Bogard v. Employers Cas. Co.*,
    164 Cal. App. 3d 602, (1985) ........................................................................................... 8

*Hunter v. Bryant*,
    502 U.S. 224 (1991) ....................................................................................................... 2, 4

*Landrigan v. City of Warwick*,
    628 F.2d 736 (1st Cir. 1980) ............................................................................................ 7

*Maraziti v. First Interstate Bank of Cal.*,
    953 F.2d 520 (9th Cir. 1992) ............................................................................................ 3

*Mendocino Environmental Center v. Mendocino County*,
    192 F.3d 1283 (9th Cir. 1999) ....................................................................................... 4, 7

*O'Toole v. Superior Court*,
    140 Cal.App.4th 488 (2006) ............................................................................................. 8

*Pearson v. Callahan*,
    555 U.S. 223 (2009) .......................................................................................................... 1

*Rodis v. City and County of San Francisco*,
    558 F.3d 964 (9th Cir. 2009) ............................................................................................ 4

*Romero v. Kitsap County*,
    931 F.2d 624 (9th Cir. 1991) ............................................................................................ 2

*Saucier v. Katz*,
    533 U.S. 194 (2001) .......................................................................................................... 2

*Sevigny v. Dicksey*,
    846 F.2d 953 (4th Cir. 1988) ............................................................................................ 2

*Smith v. Wade*,
    461 U.S. 30 (1983) ............................................................................................................ 9

*Woodrum v. Woodward County, OK*,
    866 F.2d 1121 (9th Cir. 1989) ....................................................................................... 4, 7

**TABLE OF AUTHORITIES: (continued)** **Page(s)**

**Statutes**

California Penal Code Section 13701 ................................................................................................5

Penal Code Section 847(b)..................................................................................................................8

**Other Authorities**

Napa Police Department General Order ...........................................................................................3

**Rules**

Federal Rule of Civil Procedure, Rule 50(b) ....................................................................................5

iii

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
*Hernandez v. City of Napa, et al.*
U.S. District Court Nor. Dist. Case No.: 3:09-cv-02782-EDL

COME NOW Defendants City of Napa and Officer Garth Bender and hereby submit the following reply to plaintiff Luz Hernandez's opposition to defendants' Renewed Motion for Judgment as a Matter of Law.

## I. INTRODUCTION

Plaintiff's opposition to defendants' motion fails to demonstrate any basis for which defendants' motion should not be granted. In her opposition, plaintiff fails to address defendants' main argument that Officer Bender is entitled to qualified immunity as to all claims because seven out of eight jurors made the determination that Officer Bender had probable cause to arrest plaintiff. If Officer Bender had probable cause to arrest plaintiff, plaintiff's claims for conspiracy, intentional infliction of emotional distress claim, and punitive damages also fail.

## II. LEGAL ARGUMENT

### A. Officer Bender is Entitled to Qualified Immunity as a Matter of Law

Plaintiff's half-hearted opposition to defendants' qualified immunity argument does not address that seven out of eight jurors determined that Officer Bender had probable cause to arrest plaintiff the night of the incident. Because these jurors found that Officer Bender had probable cause to arrest plaintiff after hearing all of the evidence, it was reasonable for Officer Bender to believe he had probable cause to arrest plaintiff based on the limited set of facts available to him at the time and he should thus be entitled to qualified immunity for his actions. The doctrine of qualified immunity protects government officials from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. . . . The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "[O]fficers are entitled to qualified immunity even if they acted unconstitutionally, as long as a reasonable officer could have believed the conduct lawful." *Alexander v. County of Los Angeles*, 64 F.3d 1315, 1322 (9th Cir. 1995), overruled in part on other unrelated grounds, as stated in *Ashley v. Sutton*, 492 F.Supp.2d 1230, 1252 (Dist. Ore. 2007).

A court discerns whether "the [officer] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable interpretation of the events can be constructed …

1

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
*Hernandez v. City of Napa, et al.*
U.S. District Court Nor. Dist. Case No.: 3:09-cv-02782-EDL

after the fact." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id*. at 227. "Regardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful. *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Plaintiff claims that Officer Bender knew he was acting unlawfully when he arrested plaintiff. However, plaintiff has failed to put forth evidence that it would be clear to Officer Bender, as a reasonable official, that his conduct was unlawful on the night of her arrest. Plaintiff merely asserts that the officers had fair warning that framing innocent persons would violate the constitutional rights of the falsely accused, that an officer cannot rely on deliberate falsehoods to establish probable cause, and that the officers refused to look at exculpatory evidence. Here, Officer Bender had no indication that Green was framing plaintiff; the facts known to Officer Bender at the time indicated that plaintiff was the dominant aggressor in a domestic violence incident. Nor did Officer Bender rely on "deliberate falsehoods" to establish probable cause; Green's oral and written statements confirmed the physical account of what happened that evening. Officer Bender did not refuse to consider exculpatory evidence; he considered all of the information available to him at the time to make his determination of probable cause.

Plaintiff also cites to *Sevigny v. Dicksey*, 846 F.2d 953, 957 (4th Cir. 1988), which held that an officer cannot invoke qualified immunity where he "did not avail himself of readily available information that would have clarified matters to the point that one of these offenses would have been flatly ruled out as factually unsupportable." This case is inapposite. In *Sevigny*, the plaintiff was charged with two separate crimes and the court refused to grant qualified immunity because the officer did not do a basic fact investigation that would have revealed that one of these crimes was not factually supported. *Id*. at 958. Here, Officer Bender did an independent fact investigation and determined that plaintiff was the dominant aggressor in a domestic violence incident; and, as such, he was mandated to make an arrest.

2

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
*Hernandez v. City of Napa, et al.*
U.S. District Court Nor. Dist. Case No.: 3:09-cv-02782-EDL

Plaintiff asserts in her opposition that Officer Bender was required by the Napa Police Department General Order to consider other crimes which are commonly committed in Domestic Violence situations, such as burglary, trespassing, rape, and stalking, and that Officer Bender did not consider these additional crimes. However, plaintiff's understanding of what the General Order requires is misplaced. The General Order states that these additional penal code sections are "merely a guide to violations that commonly occur during domestic violence incidents," meaning that an officer may consider these when determining what violations to charge the offender with. In addition to the crimes referenced by plaintiff, the order also lists elder abuse and cruelty to animals as penal code sections that should be considered in domestic violence incidents. It is evident that not all 35 penal code sections listed in the NPD General Order will be implicated in every domestic violence situation. The NPD General Order is merely offered as a guide to the officers for handling domestic violence situations. The officers must have discretion to assess which penal codes might be relevant in a given situation; they should not be required to assess all 35 Penal Code sections that appear on the list in the General Order in every domestic violence situation. Moreover, nowhere in the order does it say that these penal code sections must be considered before probable cause to arrest can be determined. The more likely reason for the inclusion of such an exhaustive list of penal code sections, rather than as a precursor to a determination of probable cause to arrest, is to allow officers to book perpetrators for additional penal code violations in addition to the penal code sections relating solely to domestic violence.

It is plaintiff's burden to prove that the law governing the officer's conduct was "clearly established." *Maraziti v. First Interstate Bank of Cal.,* 953 F.2d 520, 523 (9th Cir. 1992). Plaintiff failed to establish that the law was clearly established such that Officer Bender would have been on notice that his conduct under the particular circumstances of this case was prohibited. In fact, all of the material evidence indicates that Officer Bender's belief that plaintiff was the dominant aggressor in a domestic violence incident was reasonable under the facts known to him at the time, based on the information he received from the involved parties, his training and experience, and his understanding that his department policy mandated that he make an arrest if the parties were or had been in a dating relationship and the victim suffered a physical injury. More significantly, at the close of the case, after hearing all of the testimony, making credibility determinations, and deciding issues of fact, seven out of the eights jurors

DEFENDANTS' <u>RENEWED</u> MOTION FOR JUDGMENT AS A MATTER OF LAW
*Hernandez v. City of Napa, et al.*
U.S. District Court Nor. Dist. Case No.: 3:09-cv-02782-EDL

deciding this case determined that Officer Bender had probable cause to arrest plaintiff. If, after hearing all of the evidence, all but one juror made the determination that Officer Bender acted lawfully when he arrested Luz Hernandez, it was certainly reasonable for Officer Bender, who is required to make the determination of probable cause within a limited amount of time, to believe that he had probable cause to arrest Luz Hernandez the night of the incident. Given the fact that these seven jurors determined Officer Bender had probable cause to arrest plaintiff, a fact that plaintiff fails to address in her opposition, it was reasonable for Officer Bender to believe that he was acting lawfully when he arrested plaintiff and this Court should enter judgment as a matter of law in favor of Officer Bender pursuant to F.R.C.P. 50.

Even if Officer Bender was mistaken in his conclusion that he had probable cause to arrest plaintiff, which is unlikely given all but one of the juror's determination that he had probable cause, Officer Bender is still entitled to qualified immunity. "[T]he Supreme Court has 'recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present.' . . . In such cases those officials should not be held personally liable." [Internal citations and ellipses omitted.] *Rodis v. City and County of San Francisco*, 558 F.3d 964, 970-71 (9th Cir. 2009), citing *Hunter, supra*, and *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Thus, even if Officer Bender's conclusion as to probable cause was mistaken, he is still entitled to qualified immunity if his belief was reasonable. The fact that seven out of eight jurors determined that Officer Bender had probable cause to arrest plaintiff strongly suggests that his belief as to probable cause was reasonable.

Officer Bender is also entitled to qualified immunity as to plaintiff's conspiracy claim, as the conspiracy claim is secondary to the false arrest claim. A "conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights" resulting from the conspiracy. *Woodrum v. Woodward County, OK*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999); and *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010). If the court determines that Officer Bender is entitled to qualified immunity for plaintiff's false arrest claim, there can be no deprivation of civil rights and thus plaintiff's conspiracy claim also fails. A determination of qualified immunity as to the false arrest claim would signify that the court determined that Officer Bender acted reasonably in his decision to arrest

plaintiff and there was no conspiracy to falsely arrest her.

Defendant Bender respectfully requests that the court grant judgment as a matter of law under F.R.C.P. 50 in his favor on the basis of qualified immunity, as his belief that he had probable cause to arrest plaintiff was reasonable and seven out of the eight jurors found in his favor in this regard. Because this "motion addresses a jury issue not decided by a verdict," namely, the issue of qualified immunity, the judge "may direct the entry of judgment as a matter of law as to this issue." F.R.C.P. 50(b).

**B.      The Undisputed Evidence Does Not Support Plaintiff's Claim for Unlawful Arrest**

Plaintiff argues that Officer Bender had no legitimate claim that she was the dominant aggressor in the domestic violence incident. Plaintiff's assertion is not supported by the facts established at trial. California Penal Code § 13701 requires peace officers to make "reasonable efforts to identify the dominant aggressor in any incident. The dominant aggressor is the person determined to be the most significant, rather than the first aggressor." Plaintiff had no visible injuries, did not herself believe she was injured, and continued to insist that nothing had happened that evening. Plaintiff points to the fact that Green was standing in his underwear, that it was not his home, and that plaintiff called 911 as facts that would indicate that Green was the dominant aggressor. She also argues that Officer Bender ignored her claims that Green broke into her house and attacked her. Even taking plaintiff's statements as true, Officer Bender still had probable cause to arrest plaintiff as the dominant aggressor in the domestic violence incident because the physical evidence revealed that Green was injured and plaintiff was not.

The overwhelming evidence in the instant case establishes as a matter of law that plaintiff's arrest was supported by ample probable cause. When Officer Bender arrived on the scene he observed that Green had significant, visible scratches all over his chest. The trial testimony established that during questioning, Green told Officer Bender that he and plaintiff were involved in an off-and-on relationship and had previously lived together. Green also told Officer Bender that he and plaintiff had gotten into an argument and plaintiff pushed and shoved him, scratching his right arm and chest. He denied striking or physically assaulting plaintiff.

By contrast, plaintiff refused to answer questions about the incident, was uncommunicative and evasive, and told Officer Bender and Deputy Hallman that "nothing" happened. Plaintiff denied being injured and Officer Bender did not observe any injuries despite examining her wrists and the inside of her

5

mouth with a flashlight. She never told Officer Bender or Deputy Hallman that Green hit, restrained or otherwise physically assaulted her. She only asked whether Green had reported that she hit him. Officer Bender and Deputy Hallman testified that plaintiff never told them that Green broke in and attacked her. In fact, plaintiff insisted, and wrote in her statement, that they were involved in a verbal argument only. Plaintiff was given ample opportunities to advise Officer Bender of physical injury or any physical contact by Green, yet she never made any such claims either verbally or in writing. Plaintiff only first reported a physical altercation with Green when she wrote out a second statement two days after her arrest, when it became apparent to her that she faced criminal charges for the incident.

Moreover, that plaintiff told at least one officer that she owned the house, that Green was already there when she arrived home and that she wanted him out of the house does not negate probable cause to believe she was the dominant aggressor in committing battery against Green. Both she and Green stated they had been in a romantic relationship and had lived together at some point, and there was nothing to indicate Green was trespassing. Based upon the limited information she revealed, Officer Bender reasonably could believe that Green was permissibly in the home when they got into a physical confrontation in which Green was injured and plaintiff was the dominant aggressor. Even if Green was the first aggressor, which the facts do not support, plaintiff was still the dominant aggressor, as she was the most significant aggressor, as evidenced by the wounds she inflicted on Green. Green displayed physical evidence that plaintiff had committed violence against him and his statements to the officers confirmed this version of events. Plaintiff had no injuries and told officers that nothing happened. After determining that plaintiff was the dominant aggressor in a domestic violence incident, Officer Bender was mandated by Napa Police Department policy to arrest her.

The totality of the circumstances known to Officer Bender at the time he arrested plaintiff for domestic battery were sufficient to support suspicion that plaintiff had committed battery against Green in violation of Penal Code section 243 (e)(1). Whether she had in fact committed battery or was the dominant aggressor is immaterial. The law does not require that only guilty persons are arrested, but allows for reasonable mistakes. Officer Bender certainly could not be expected to know purported circumstances about the incident that plaintiff refused to reveal, and he had no obligation, authority or means to force plaintiff to provide different or additional information than what she chose to reveal after

6

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
*Hernandez v. City of Napa, et al.*
U.S. District Court Nor. Dist. Case No.: 3:09-cv-02782-EDL

repeated questioning.

### C. The Undisputed Evidence Does Not Support Plaintiff's Conspiracy Claim

Plaintiff claims that there is abundant evidence to indicate that Officer Bender conspired with Deputy Hallman to deprive her of her civil rights. To be liable for conspiracy, "[t]he defendants must have, 'by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage.'" [Internal citations omitted.] *Mendocino Environ. Center*, *supra*, 192 F.3d at 1301. To support her claim of conspiracy, plaintiff points to the fact that the officers heard a man accusing a woman of memorizing another man's telephone number, that Green was intoxicated and in his underwear, that he gave conflicting statements, that Deputy Hallman referred to Green as brother, and that the officers knew that Green was a Napa State Hospital Police Officer. Plaintiff further suggests that there was a conspiracy because Officer Bender and Deputy Hallman knew each other before the incident. The facts that plaintiff points to are not indicative of a conspiracy. Just because Officer Bender and Deputy Hallman knew that Green was intoxicated, in his underwear, and believed plaintiff had memorized another man's phone number, does not negate the probable cause that they had to arrest plaintiff. Further, the fact that Officer Bender and Deputy Hallman knew each other before the incident is not evidence of a conspiracy; just because two officers are familiar with each other does not mean they are going to act in concert to violate a person's civil rights. Plaintiff's bare assertions are not sufficient to support a cause of action for conspiracy, particularly where Green was visibly injured and plaintiff denied anything happened, refused to provide any information, and only claimed she was physically assaulted by Green two days after the incident.

Further, a "conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights" resulting from the conspiracy. *Woodrum, supra*, 866 F.2d at 1126; *Mendocino Environ. Center, supra*, 192 F.3d at 1301 and *Avalos*, *supra*, 596 F.3d at 592. "In order to state an adequate claim for relief under section 1983, plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of a conspiracy is insufficient to establish a section 1983 claim." *Avalos*, *supra,* 596 F.3d at 592, citing *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980). As discussed fully above, plaintiff has not put forth evidence that her arrest was not supported by probable cause. Because there was no false arrest, and thus no deprivation of her civil

7

rights, Plaintiff's conspiracy claim fails.

**D.    The Undisputed Evidence Does Not Support a Claim for False Arrest under State Law**

As developed at length above, Officer Bender cannot be liable for false arrest because probable cause existed for plaintiff's arrest. *O'Toole v. Superior Court*, 140 Cal.App.4th 488, 511-512 (2006); Penal Code Section 847, "(b) There shall be no civil liability on the part of, and no cause of action shall arise against, any peace officer . . . for false arrest or false imprisonment arising out of any arrest . . . [where] (1) The arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful . . .".). Plaintiff argues that PC 847(b) does not apply because her arrest was unlawful and not supported by probable cause, but does not offer any support for her argument. As discussed above, there was ample probable cause to support plaintiff's arrest.

**E.    The Undisputed Evidence Fails to Support a Claim for Intentional Infliction of Emotional Distress**

Plaintiff argues that Officer Bender intentionally inflicted emotional distress upon her, but she has put forth no evidence to show sufficiently egregious, intentional conduct by Officer Bender to establish liability for intentional infliction of emotional distress. "The elements of a prima facie case of intentional infliction of mental distress are (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." *Aquino v. Superior Court,* 21 Cal. App. 4th 847, 856 (1993), *Bogard v. Employers Cas. Co.,* 164 Cal. App. 3d 602, 616 (1985). The only fact plaintiff points to in her opposition to prove this claim is the alleged emotional distress she suffered as a result of the incident. She claims she lost time from work, went on family medical leave, and suffered depression as a result of the incident. That she may have lost time from work and suffered from depression does not prove all elements of a claim for intentional infliction of emotional distress (IIED); if at all, it is only probative of one prong of an IIED claim, i.e. that she suffered severe emotional distress. Plaintiff must prove all four prongs. Further, plaintiff failed to establish that any alleged distress that she suffered was caused by Officer Bender, rather than her dysfunctional relationship with Green. The undisputed evidence fails to show outrageous conduct by Officer Bender, or that he intended to cause plaintiff emotional distress or recklessly disregarded the probability emotional distress would result, particularly

given that probable cause supported plaintiff's arrest. Plaintiff's claim for intentional infliction of emotional distress is unsupportable and defendants should be entitled to judgment as a matter of law.

### F. The Undisputed Evidence Fails to Support A Claim for Punitive Damages

Plaintiff failed to establish that there is a basis for her punitive damages claim against Officer Bender. Plaintiff points to *Smith v. Wade*, 461 U.S. 30, 56 (1983) as a basis for allowing punitive damages under § 1983 when the "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." While it may be true that punitive damages are permissible under §1983, there is no evidence that Officer Bender had any malicious intent toward plaintiff or that he intended to cause her harm when he arrested her. His tone of voice was kind, he was apologetic, and he explained to plaintiff that he was acting under a mandate. Further, after plaintiff called Officer Bender back to her house on April 3, 2008, in order to tell him her side of the story, Officer Bender requested prosecution of Green and suggested that plaintiff get a Temporary Restraining Order against Green.

### III. CONCLUSION

For the foregoing reasons, the City of Napa and Officer Bender submit that they are entitled to judgment as a matter of law on all claims.

Dated: August 7, 2012

BERTRAND, FOX & ELLIOT

By: /s/ *Meaghan A. Snyder*
Gregory M. Fox
Meaghan A. Snyder
Attorneys for Defendants
CITY OF NAPA and
OFFICER GARTH BENDER

9

DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
*Hernandez v. City of Napa, et al.*
U.S. District Court Nor. Dist. Case No.: 3:09-cv-02782-EDL